## Ex parte The State, in re Pierce.

*Application for Prohibition, in matter of Order Discharging Convict from Judgment for Cost.*

1. *Sentence to hard labor, on non-payment of costs.*—On conviction of a misdemeanor, the costs not being presently paid or secured, the defendant may be sentenced to hard labor, on account of the costs, for not more than eight months, and at the rate of not less than thirty cents *per diem* (Code, § 4504); and when the additional sentence is for eight months, at thirty cents per day, the costs amounting to more than $72, the defendant can not claim to be discharged during that time on payment of the balance only of the $72, but must pay the balance of the entire costs.

2. *Prohibition, or mandamus; lies when.*—This court will not award a prohibition to the presiding judge of the City Court of Montgomery, to annul or prevent action under an illegal order for the discharge of a convict before the expiration of the term prescribed by his sentence (Code, § 4504), such order being a ministerial act.

Application by petition, filed by TENNENT LOMAX, Esq., solicitor of Montgomery county, for the writ of "prohibition, *certiorari*, or other appropriate writ," directed to Hon. THOS. M. ARRINGTON, judge of the City Court of Montgomery, to annul and vacate an order made by him, directed to the clerk of said court, commanding him to "issue to Smith Pierce a certificate of full payment of the costs adjudged against him in the case named in his application therefor." The petition, with accompanying exhibits, shows these facts: Smith Pierce was indicted for an assault with intent to murder, and was convicted of an assault and battery, a fine of $50 being imposed by the jury. On the next day, April 9th, 1890, the court rendered judgment, "that said defendant perform hard labor for Montgomery county, for the term of twenty days, in payment of said fine; and the costs of this proceeding not being presently paid or secured, and being ascertained to amount to $172.75, it is considered by the court, that said defendant perform an additional term of eight months hard labor for said county, in payment of said costs, at the rate of thirty cents *per diem*." On June 2d, 1890, the defendant presented in writing his petition to Judge Arrington, alleging that he had worked out his fine, and part of his sentence for costs; tendering and offering to pay $63.30, as the balance due for costs, and praying a certificate on which he might obtain his

12

[Ex parte State, in re Pierce.]

discharge from further hard labor or confinement. On the same day, Judge Arrington made an order directing the clerk of said court to issue a certificate as prayed; and this is the order here sought to be annulled and vacated.

TENNENT LOMAX, for petitioner.

SAYRE & PEARSON, *contra.*

STONE, C. J.—The amendment of section 4731 of the Code of 1876, approved February 26, 1881 (Sess. Acts, 37), declared a limit on the term for which a convicted offender can be sentenced to hard labor for non-payment of costs. Code of 1886, § 4504. Before that time, the only limit was the amount of costs adjudged, at the rate the statute permitted the presiding judge to fix as the *per diem* allowance. The amended statute fixed the limit of the sentence for costs, in convictions of misdemeanor, at eight months, and not less than thirty cents *per diem* for each day. Under the statute, if the labor of the convict, at the rate per day fixed by the presiding judge, pays the whole adjudged costs in less than eight months, whenever the payment is completed, the prisoner is entitled to his discharge. On the other hand, if, at the rate fixed, it requires more than eight months to make such payment in full, then the term of the imprisonment on that account can not be extended beyond that term. This is a mere boon extended to convicted offenders, by shortening the term of the alternate mode of collection. It is not a release of the residue of the costs.

The amount of the costs adjudged in this case was $172.75, whereas the wages of the prisoner for eight months, at thirty cents, would amount to only seventy-two dollars. His right to be discharged from the sentence against him for costs depends, not on the payment of the balance of $72.00, as claimed by him, but on the payment of the balance of $172.75, the costs adjudged against him.

Upon payment of the costs—the whole adjudged costs, less the part paid in labor—the defendant will be entitled to his discharge, but not till then. The statute prescribes in what manner such payment shall be certified; by "the judge, or the clerk of the court in which the conviction was had." This is a purely ministerial act, and can not be restrained by prohibition, or by any other original, supervisory writ this court can issue.—*Atkins v. Siddons*, 66 Ala. 453; High

Extr. Legal Remedies, § 762. Should the clerk attempt improperly to give such certificate, a mandatory order of the court of which he is clerk would probably be the remedy. If the attempt be made by the judge of the court, then *mandamus* would appear to be the remedy, issued by the Circuit Court, or this court, dependent on the inquiry whether the trial court was one of limited or general jurisdiction.—Code of 1886, §§ 758, 695, subd. 2.

Prohibition denied.