of the relator to maintain the vault or to reconstruct it without obtaining a permit from the city and paying the amount required by the ordinances to be paid therefor.

We also think that the payment for the license from the city was voluntary, and that, under the circumstances, the plaintiff could not maintain an action to recover back the money paid.

It follows that the judgment should be affirmed, with costs. All concur except PATTERSON and LAUGHLIN, JJ., who dissent.

(74 App. Div. 343.)

## In re FORDHAM ROAD.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. OPENING STREET—ACQUISITION OF WHARF PROPERTY.

The city of New York, acting through the board of street opening and improvements, in a proceeding for opening a street, may take wharf property, it not being necessary to its acquisition that proceedings be taken by the department of docks.

2. SAME—AWARD OF DAMAGES TO UNKNOWN OWNER.

Damages for taking property for opening of a street may, where the evidence raises a question as to title, be awarded to unknown owners, under established act, as amended by Laws 1893, c. 660, authorizing it where the owners are not fully known to the commissioners.

3. SAME—AMOUNT OF DAMAGES.

Award of $4,920.75 for wharf property taken for the opening of a street is inadequate, there being uncontradicted evidence that the wharf as constructed would alone cost over $6,000, and was worth that much, the receipts therefrom being on the increase, and the net income for each of the last two years being over $750 a year, and the land being worth $6,562.50, according to the owner's witness, and $5,250 according to the city's witness.

Appeal from special term.

In the matter of the application of the mayor, aldermen, and commonalty of the city of New York to acquire the land necessary to the opening of Fordham road. From certain orders, John B. Haskin, Jr., appeals. Reversed in part.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Abel Crook, for appellant.
John P. Dunn, for respondent.

McLAUGHLIN, J. This appeal is from an order denying a motion made by a property owner to vacate and set aside proceedings taken for the purposes of acquiring title to certain land for a public street in the city of New York, and from an order which confirmed the final report of the commissioners of estimate and assessment in reference to the property taken. The premises affected by the appeal lie upon the easterly shore of and extended into the Harlem river between high-water mark and the bulkhead line as established by the United States government in 1890. The appeal involves what is known on the damage map as lots Nos. 2 and 3, the appellant claiming title to the latter, together with an easement for the purposes of passage and repassage over the former. The

proceeding was instituted by the city of New York, by and through the board of street opening and improvement, and one of the principal grounds urged for the reversal of the order is that the court did not acquire jurisdiction, inasmuch as the proceedings were instituted and prosecuted by such board, and that under the statute wharf property—of which the appellant's consists—can only be acquired through proceedings taken by the department of docks. After examination of this objection, we have reached the conclusion that it is not well founded. The city of New York, acting through the board of street opening and improvement, had the right to take the same for public purposes, and in the manner here adopted. The appellant's property consists of a wharf on the easterly side of the Harlem river, upon which has been erected a building, piers, and bulkhead. The commissioners of estimate and assessment awarded as damages to unknown owners for the taking of parcel No. 3 the sum of $4,920.75, and as interest thereon from the date of the time when the title vested in the city the sum of $1,158.83, making in all the sum of $6,079.58; and for parcel No. 2 to the city the sum of $266.17 as damages and $62.44 interest, making in all the sum of $327.61, the award for this lot "being made upon the basis of parcel No. 3 having access over the same to the stream." After the commissioners had filed their report, the appellant, intermediate the making and the hearing of a motion to confirm the same, made a motion to vacate the proceedings so far as the same related to said parcels Nos. 2 and 3, and both motions were made together. Upon the hearings of the motions an order was made denying the appellant's application and confirming the report of the commissioners, and from which this appeal is taken.

We are of the opinion that the order is right, except in one respect, and that is as to the amount of damages awarded for parcel No. 3. The evidence, inasmuch as a question was raised as to the appellant's title, was sufficient to justify the commissioners (under section 989 of the consolidation act, as amended by chapter 660, Laws 1893) in making the award to unknown owners. This section provides that:

"In all and every case and cases, where the owners and parties interested, or their respective estates and interests, are unknown, or not fully known to said commissioners, it shall be sufficient for them to estimate and assess and to set forth and state in their said report, in general terms, the respective sums to be allowed and paid to, or by the owners and proprietors generally, * * * without specifying the names of the estate or interests of such owners and proprietors and parties interested or of any or either of them."

The damages, however, it seems to us, are inadequate, in view of the evidence taken. The commissioners awarded for the damages sustained by the owners of parcel No. 3, as hereinbefore stated, $4,920.75. The record shows that the wharf upon this parcel, as originally constructed, cost $2,500; that in 1886 repairs were made thereto, which cost upwards of $3,000, and in 1894 further repairs were made, which cost over $800,—showing the amount expended upon the wharf alone to have been something more than $6,000. The witness Edwards, a contractor, testified that it would now ac-

tually cost, to construct the stonework and filling in and about the wharf, over $6,000, and that it was at the present time worth that sum. This testimony was not contradicted by the city. It also appeared, and the fact was not contradicted, that the amount collected by the respondent for wharfage had increased from year to year from 1884 until the land was taken by the city, .and that in the year 1895 $935.75 was received, and in 1896 $1,083.37; that the net income in 1895 was $764.75. As to the value of this parcel, the appellant's witness Berrian testified that the same was worth· at least $6,562.50, and the city's witness Tarbox testified that the same was worth $5,250, exclusive of the wharf and structure erected thereon, and yet, notwithstanding the testimony of these witnesses, together with the testimony as to the improvements placed upon the lots, the commissioners only awarded $4,920.75 for the value. Upon what that award could have been based it is difficult to determine. There certainly is nothing in this record which justifies it. If we adopt the estimate given by the city's expert, the award made is less than the amount which he testified that the lot was worth, exclusive of the value of the improvements. The city can only take parcel No. 3 by paying to the true owner thereof the full compensation therefor. Such compensation manifestly must be determined in the same way and by the same methods that the value of other lands is ascertained when taken for a public use, viz., by its location, the improvements made thereon, and its present prospective earning capacity, in view of the use to which it may be put. We are of the opinion that the commissioners failed to take these facts into consideration, or to give effect to the evidence. The cost of the improvements, of course, is not to finally fix or determine the amount to be awarded, but only to be considered with the other evidence offered, bearing upon and fixing the value.

We are of the opinion, therefore, that the order appealed from, in so far as the same relates to the amount awarded for parcel No. 3, should be reversed, with costs, and the matter remitted to the commissioners for further action bearing upon that subject. All concur.