## In re LAFAYETTE AVE. IN BOROUGH OF THE BRONX.

(Supreme Court, Special Term, New York County.  November 17, 1913.)

1. EMINENT DOMAIN (§ 101*)—LAND FOR STREET—CHANGE OF GRADE—RIGHT TO DAMAGES.

Where land has been actually taken for the original opening of a street, damages may be awarded for injury to land not taken, abutting on the street, arising from an established grade or probable change of grade that may be made to accommodate or adapt the street to the uses of public travel.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 269, 270; Dec. Dig. § 101.*]

2. EMINENT DOMAIN (§ 238*)—STREET—CHANGE OF GRADE—AWARD—REVIEW.

Where a question of fact is presented on the issue of the amount to be awarded abutting property owners for a change of street grade, a determination of commissioners would not be disturbed on the ground that the award was excessive.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 614, 619, 658–660, 666, 668, 669, 671, 673, 674, 687; Dec. Dig. § 238.*]

In the matter of proceedings for the improvement of Lafayette avenue, Edgewater Road to Clason's Point Road, in the Borough of the Bronx.  On objections to award for damages caused by the establishment of street grade above the natural surface of the land.  Overruled.

GREENBAUM, J.  The common-law rule governing damages arising from the exercise of the right of eminent domain has been well stated, as follows:

"* *. *  At common law  * * *  one who was injured by the rightful exercise of eminent domain could not recover damages for such injury, however great, unless some portion of his property was actually taken.  If the least portion of his property was taken, however, the owner could not only recover compensation for it, but also damages accruing to the remainder of such property.  Where no property was 'taken,' the injury inflicted was held to be consequential damages, and compensation was disallowed, unless the offending corporation or party was made liable by force of its charter, or by some statute."  City Council of Montgomery v. Maddox, 89 Ala. 177, 184, 185, 7 South. 433, 435.

[1] In this case land was actually taken from the owner for the original opening of the street, and under these circumstances damages may properly be awarded in such proceeding for injury to the land not taken abutting on such street arising from any established grade or future probable change of grade that may be made for the purpose of accommodating or adapting the street to the uses and purposes of public travel.  Sauer v. City of N. Y., 180 N. Y. 27, 30, 31, 72 N. E. 579, 70 L. R. A. 717; City Council of Montgomery v. Maddox, supra; City Council of Montgomery v. Townsend, 80 Ala. 489, 495, 2 South. 155, 60 Am. Rep. 112; Callender v. Marsh, 18 Mass. (1 Pick.) 418, 432, 433.  It follows from the foregoing that no error was made by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the commissioners in awarding to the owner damages that would be caused by the establishment of the grade of the street above the natural surface of the land.

[2] The city makes the further objection that the awards are excessive, but a clear question of fact was presented on this issue and under familiar principles of law the determination of the commissioners should not be disturbed.

The report of the commissioners is confirmed.