(160 App. Div. 472)

### In re WEST 231ST ST. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   January 23, 1914.)

1. MUNICIPAL CORPORATIONS (§ 439*)—PUBLIC IMPROVEMENTS—ASSESSMENT OF BENEFITS—LOCATION OF PROPERTY WITH RESPECT TO STREET GRADE.

Under Greater New York Charter (Laws 1901, c. 466) § 980, requiring the commissioner of assessment to assess the cost and expense of a street opening upon the property included within the assessment area in proportion to the benefits received, the commissioner, in determining the value of property for the purpose of distributing the assessment, should have considered that certain abutting lots would be 25 feet above the established grade when the street was regulated and graded, since no benefit of any sort accrues from the acquisition by the city of a strip of land, and the benefit referred to by the charter is that accruing from the physical and actual opening of the street, and hence the commissioner erred in refusing to receive evidence of, and to consider, the effect of the established grade.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1053; Dec. Dig. § 439.*]

2. MUNICIPAL CORPORATIONS (§ 439*)—PUBLIC IMPROVEMENTS—ASSESSMENT OF BENEFITS—MANNER OF ASSESSING.

In assessing the benefits from a street opening, the value of each lot in the assessment area without the improvement, and its value after the improvement has been completed, should be determined, and the difference shows the benefit derived.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1053; Dec. Dig. § 439.*]

Ingraham, P. J., and Clarke, J., dissenting.

Appeal from Special Term, New York County.

Application by the City of New York relative to acquiring title to lands for opening and extending West 231st Street, Borough of the Bronx. From an order confirming the report of a commissioner of estimate, an owner of land within the assessment area appeals. Reversed, and matter referred back to the commissioner for a reassessment.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William A. Jenner, of New York City, for appellant.
Joel J. Squier, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. [1] This proceeding is brought to open and extend West 231st street from Bailey avenue to Riverdale avenue in the city of New York, borough of Bronx. The appellant is the owner of real property contiguous to and abutting upon said street, a portion of his property having been taken for the street. The sole question involved in this appeal relates to the assessment for benefit of that portion of the property not taken, and is whether or not the commissioner of assessment in distributing the assessments over the benefited area should take into account, in estimating the value of the abutting property, the grade at which the street is to be regulated. In the present case the grade was duly established according to law on February 14, 1908. The resolution of the board of estimate and apportionment directing the street to be opened was adopted June 5, 1908, and commissioners of estimate and assessment were appointed February 17, 1909. The profile map showing the established grade indicates that, when the street has been regulated and graded, the grade of appellant's remaining lots abutting on the street will be about 25 feet above the grade of the street. The duty of the commissioner of assessment is to distribute and assess the cost and expense involved in the proceeding upon the property included within the assessment area "in proportion to the benefit received." Section 980, Greater New York Charter. The benefit received naturally refers to the benefit which will accrue from the physical and actual opening of the street, for until it is physically and actually opened no benefit of any sort can come from the legal acquisition by the city of a strip of land destined to be a street. Consequently it seems to follow that, in determining the value of the property to be assessed for the purpose of distributing the assessment, regard must be had to the physical relation which will exist between the street, when it actually becomes a street, and the property abutting upon it.

[2] This is not a question, as the corporation counsel laboriously argues, of awarding damages to an abutting owner because the established grade of the street will impair the value of his property. The question is wholly one between the owners of property within the assessment area. A certain amount is to be distributed by way of assessments over that area; each lot being assessed presumptively in proportion to the benefit it will derive from the improvement. As a basis for such assessment, it is necessary to determine the value of each lot without the improvement, and its value after the improvement has been completed. The difference shows the benefit derived. Such a comparative valuation cannot be properly made without taking into account the physical relation which the street as finally completed will bear to the property to be valued, for manifestly a lot of land abutting upon the new street at grade will be more benefited by the opening of the street than a lot which cannot be brought to grade without a large expense for excavation or filling. Of course, the arbitrary and artificial rule of the common law that the owner of land abutting upon a street cannot recover for a change of grade has no application to the present case.

We are of opinion that the commissioner of assessment erred in refusing to receive evidence of and to consider the effect of the established grade of the new street when physically regulated and graded upon the abutting property. For this reason the order appealed from, in so far as it confirmed the report of the commissioner of assessment, must be reversed, and the matter referred back to said commissioner for a reassessment in accordance with the view herein expressed, with $10 costs and disbursements to the appellant.

McLAUGHLIN and LAUGHLIN, JJ., concur. INGRAHAM, P. J., and CLARKE, J., dissent.