In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Opening and Extending of Rosedale Avenue, between Westchester Avenue and West Farms Road, etc.; Commonwealth Avenue, between Westchester Avenue and West Farms Road, etc.; St. Lawrence Avenue, between Westchester Avenue and West Farms Road, etc.

WILLIAM WALDORF ASTOR, Appellant; THE CITY OF NEW YORK and Others, Respondents.

First Department, December 29, 1916.

Municipal corporations — city of New York — condemnation of lands to widen street — assessment of costs and expenses — effect of subsequent action reducing width of street — retaxation of costs.

Where the original plan for the widening of a street in the city of New York contemplated the condemnation of an additional strip of land thirty feet wide and a former commissioner of assessment has taxed the costs and expenses of the proceeding on that basis, but subsequently the board of estimate and apportionment reduced the extra width of the improved street so that it only required the condemnation of a five-foot strip on either side of the existing street, it is error for a commissioner of assessment subsequently appointed, to include in his assessment of costs and expenses prior assessments made on five occasions under an old and extended plan of improvement. The assessment should be made only for the actual costs and expenses of the proceeding as modified by the elimination of other streets and by the change in width of the proposed street.

Where such erroneous assessment is made the costs and expenses of the proceeding should be retaxed, pursuant to section 999 of the city charter.

APPEAL by William Waldorf Astor from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of Bronx on the 21st day of January, 1916, as confirms the report of the commissioners of estimate herein with reference to the awards for damages to buildings by reason of the intended regulation of the streets involved in this proceeding, and as overrules his objections to assessments for benefit on benefit parcels Nos. 9, 10, 10a, 13, 14, 15, 16, 30, 30a and 416, in the supplemental and amended report of the commissioner of assessment, and as directs the commissioner of assessment to make a new report.

*Thomas C. Blake,* for the appellant.

*John J. Kearney* [*Joel J. Squier* with him on the brief], for the respondent the city of New York.

*Benjamin Trapnell,* for the respondent Jacques and others.

*James H. Goggin,* for the respondents Hattrick and others.

*Thomas W. Henry,* for the respondents Steinmetz and others.

*Lawrence E. French,* for the respondents Field and others.

LAUGHLIN, J.:

The learned counsel for the appellant contends here, as he did at Special Term unsuccessfully, that part of the lands acquired by this proceeding was acquired for approaches to the bridge over the tracks of the Harlem River and Port Chester Railroad Company, which are leased by the New York, New Haven and Hartford Railroad Company. We are of opinion that the learned court at Special Term correctly disposed of the contentions made in behalf of the appellant with respect to said lands having been so acquired. (*Matter of City of New York* [*Rosedale Ave., etc.*], N. Y. L. J. Dec. 9, 1915.)

We are of opinion, however, that the other point raised by counsel for the appellant requires a modification of the order. The court found that the commissioner of assessment had not followed the statutory requirements, and, therefore, sustained certain objections to his supplemental and amended report, and the original commissioner of assessment having died, remitted the question of assessments to another commissioner, with instructions to levy the same in accordance with the opinion of the court. That would require the commissioner to include in the assessment the gross amount of costs and expenses taxed herein at five different stages of the proceeding. This proceeding was instituted pursuant to a resolution of the board of estimate and apportionment adopted on the 14th day of June, 1907, for the purpose of acquiring title to lands, tenements and hereditaments required for the opening and extending of Rosedale avenue, Commonwealth avenue and St. Lawrence avenue, between Westchester avenue and West Farms road (Walker avenue) and

other avenues, wherever the same had not theretofore been acquired. On the 24th day of May, 1909, the costs and expenses of the proceeding were duly taxed at the sum of $11,981.19. Thereafter, and on the 15th day of February, 1910, the proceeding was amended pursuant to a resolution adopted by the board of estimate and apportionment on the 3d day of December, 1909, so as to confine the proceeding to the three avenues herein named. The proceeding as originally instituted contemplated that Rosedale avenue should be eighty feet in width. It is to be inferred that it had been dedicated as a street or avenue fifty feet in width, and that this proceeding was to acquire the fee to the dedicated street or avenue and to a strip of land thirty feet in width on the westerly side thereof. After the costs and expenses of the proceeding had been thus taxed on the 24th day of May, 1909, and on the 23d day of February, 1911, the board of estimate and apportionment adopted a resolution changing Rosedale avenue to the width of sixty feet between East One Hundred and Seventy-seventh street (Tremont Avenue) and West Farms road; and between these points provided for taking a strip of about five feet on either side of the dedicated street or avenue, and decreasing the area of assessment. By an order made on the 1st day of August, 1911, this proceeding was amended with respect to the lands to be acquired to conform to said resolution. Thereafter on four different occasions the costs and expenses of the proceeding during four periods subsequent to the date to which the first taxation related were duly taxed; but there was no retaxation of the original taxation of costs and expenses to confine the same to the costs and expenses of the proceedings as thus changed. It is to be inferred from the record now before the court that when the costs and expenses were first taxed herein the evidence had been taken and the commissioners of estimate had made, or were making up the awards. It does not appear from the record whether or not the evidence taken prior to the change in the proceeding was adopted and utilized by the commissioners in making the awards in the changed proceeding. The assessment included all costs and expenses taxed herein on the five different occasions. The appellant objected to the assess-

ments on his lands upon the ground that there were illegally included therein costs and expenses incurred with reference to Rosedale avenue as it was originally contemplated. Under the order from which the appeal is taken it would be the duty of the commissioner in making the new assessments to include therein all of the costs and expenses taxed as aforesaid.

It is manifest that the lands within the area of assessment, as modified when the width of Rosedale avenue was changed, should be assessed only for the actual costs and expenses of the proceeding as modified by the elimination of the other avenues and the change in the width of Rosedale avenue. There is no express evidence in the record with respect to the costs and expenses incurred before such modifications that were rendered valueless to the property within the new area of assessment owing to such modifications; but there is a recital in the record of a statement made by the commissioner of assessment before the commissioners of estimate, of which he was one, to the effect that the costs and expenses theretofore incurred which were rendered useless by the modifications of the proceeding amounted to from $8,000 to $10,000. The original resolution of the board of estimate and apportionment provided that eight per cent of the costs and expenses of opening Rosedale avenue should be borne by the city. When the width of Rosedale avenue was changed this resolution requiring that eight per cent of the costs and expenses be borne by the city was not rescinded. The eight per cent aggregated $11,427.83. The appeal was submitted, and with the record there was submitted by the respondent city an affidavit made by the assistant secretary of the board of estimate and apportionment which it is claimed shows that the resolution providing that eight per cent of the costs and expenses should be borne by the city was adopted pursuant to a rule of the board under which part of such costs and expenses should be borne by the city where the street or avenue to be acquired was of greater width than sixty feet. That affidavit can be given no force or effect, for the reason that it was competent for the board to require that the city should bear part of the costs and expenses of the proceeding regardless of the width of the street or avenue. (Greater N. Y. Charter [Laws of 1901, chap. 466], § 980, as

amd. by Laws of 1905, chap. 299, and Laws of 1906, chap. 658; since amd. by Laws of 1909, chap. 394.)* And the resolution to which the affidavit relates shows that it was not intended to apply to exceptional cases. It cannot be said, therefore, that the board of estimate and apportionment, in changing the width of Rosedale avenue, allowed the eight per cent to stand charged against the city on the theory of compensation for any costs and expenses that had been incurred in the proceeding which would go for naught, owing to the changes made with respect to the width of Rosedale avenue. By a resolution adopted by the board of estimate and apportionment on the 1st day of July, 1915, the assessments on lands fronting on Rosedale avenue for damages to buildings for intended change of grade of the avenue were reduced proportionately by $12,000. It is evident that that resolution was adopted for the benefit of the property owners on Rosedale avenue owing to the change of the grade of the avenue in front of their lands; and, moreover, it is manifest that it did not inure to the benefit of the lands generally within the area of assessment, upon all of which, including a number of parcels owned by the appellant having no frontage on Rosedale avenue, the costs and expenses were assessed. It is evident, therefore, that there may be included in the first taxation of costs and expenses items of costs and expenses which were unnecessary and valueless with respect to this proceeding as thus amended. The record indicates that the change in the width of Rosedale avenue was made at the instance of some of the property owners. The board of estimate and apportionment could have refused to make that change, or could have required as a condition of making it that the property owners first reimburse the city for the costs and expenses incurred which would be rendered useless by the change; but that was not done, and, therefore, the city should pay such costs and expenses.

We are of opinion, therefore, that the order should be modified by requiring that the costs and expenses of this proceeding be retaxed pursuant to the provisions of section 999 of the

---

* Now § 972, as added by Laws of 1915, chap. 606. See Laws of 1915, chap. 606, § 3.— [REP.

charter (as amd. by Laws of 1906, chap. 658),* which we deem authority therefor at this time; and that on the retaxation the costs and expenses be confined to the costs and expenses reasonably necessary for this proceeding as amended, and as so modified affirmed, without costs.

CLARKE, P. J., McLAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Order modified as stated in opinion, and as modified affirmed, without costs.   Order to be settled on notice.

---

* Now § 980, as added by Laws of 1915, chap. 606.   See Laws of 1915, chap. 606, § 3.— [REP.