## Matter of OPENING SECOND STREET AND THIRD STREET, in the Borough of Queens.

(Supreme Court, Kings Special Term for Motions, February, 1917.)

Condemnation proceedings — street opening proceedings — when court will refuse to confirm report of commissioners — damages — what should be considered in making assessment for damages.

On motion to confirm the report of commissioners in a street opening proceeding an award of damages made to one other than the real owner will be corrected.

Where there is nothing in the record to show that an award of damages included the damage done by change of street grade, statements of the commissioners that the award included such damage are conclusive.

Where the record in a street opening proceeding shows that there has been an improper application of the rules governing an award for damages, the court will refuse to confirm the report of the commissioners if it appears that their error was prejudicial.

The special use to which property sought to be taken in a street opening proceeding is being put at the time of the taking may properly be considered in assessing the damages, and where the commissioners fail to consider such use their report will not be confirmed.

Where it is proposed to open several streets through a certain property the owner may not be allowed in each proceeding damages for the destruction of the usefulness of his property for the purposes for which it had been used.

Where the benefit to lots already fronting on a public highway is much less than the benefits received by interior properties which previously had not fronted on the open highway, the assessment for benefits must be made accordingly.

No assessment imposed for a street improvement is based merely upon the lineal frontage; the area of assessment is prescribed and its contents as well as the number of feet frontage are factors to be considered in fixing the amount of the assessment.

As a general rule the "block by block" system of assessments should be followed in street opening proceedings, and

properties in different blocks, which before the institution of the proceeding had a frontage on an existing highway, should be assessed at the same rate.

A claim that the area of assessment fixed by the board of estimate was inequitable and should be changed, considered, and *held*, that there was no good reason for changing it.

Where after a street opening proceeding was commenced changes were made in the elimination or modification of grade, it is equitable that expenses, incurred prior to such changes and which were rendered useless thereby, should be borne by the city.

Where certain properties will be about nine feet above the street newly opened, while others will be near grade, allowance for those above grade should be considered in making the assessment for benefits.

MOTION to confirm the reports of commissioners of estimate and commissioner of assessment in a street opening proceeding.

Lamar Hardy, Corporation Counsel (Joel J. Squier, Walter C. Sheppard and Millard F. Kuh, of counsel), for the motion.

Benjamin Trapnell, for Navahoe Realty Company.

Truman H. and George E. Baldwin (Ralph L. Baldwin, of counsel), for Estate of William Nelson.

Philip B. LaRoche, for William Heimann, Augustus Robertson, Alfred Boigwitt and others.

CROPSEY, J.   This is the usual motion to confirm the reports of commissioners of estimate and the commissioner of assessment in a street opening proceeding. Owners of damage parcels Nos. 39, 40 and 43 join in the city's motion to confirm the awards made for those parcels. With reference to damage parcel 40, the

application is that the award be paid to William Hein-
mann instead of Louise Heinmann, the name stated in
the report. The city has investigated this matter and
consents that the order so provide, as William Hein-
mann is the real owner. The order may contain such
a provision.

The only objections to any of the awards are made
by Alfred Boigwitt, William Heinmann and Augustus
Robertson, the owners respectively of damage parcels
Nos. 24, 25 and 26. The principal claim as to parcel
24 is that no allowance was made for the damage done
by the change of grade involved in this proceeding.
The commissioners, however, state that the award
made " included consideration of consequential .dam-
age by reason of change of grade to the extent to which
the same was contained in the evidence and apparent
in a view of the premises." There is nothing in the
record showing that this factor was not considered,
and so the statement of the commissioners must be
taken as conclusive.

The objections to the awards for parcels 25 and 26
are principally that the commissioners failed to con-
sider as an element in fixing the market value of the
pieces the fact that they were improved in particular
ways and were used for carrying on business for which
their improvements fitted them. They claim the proof
of the property owners was to the effect that such use
of the properties made their market value greater than
it otherwise would have been. The commissioners state
that they " did not take into consideration the fact
whether or not a business had been conducted or as to
whether or not it was a profitable business." So if
this fact should have been considered by the commis-
sioners, their failure to do so would necessitate the
rejection of their report as to these parcels. Where
the record shows an improper application of rules to

the determination of the damages, the court should, where such failure appears to have been prejudicial to property owners, refuse to confirm the report. *Matter of City of New York (Titus St.)*, 139 App. Div. 238, 239; *Matter of City of New York (Croton River Dam)*, 129 id. 707, 709; *Matter of Daly* v. *Smith*, 18 id. 194, 196.

As has been stated, the property owners' proof showed that their expert claimed that the use made of the properties increased their market value, and he included this fact in his estimate of the damage. The city's expert does not seem to have considered this fact. If there was a finding that this fact did not add to the market value, then of course there would be no error; but the commissioners make no such finding and on the contrary state that they did not consider that fact at all.

The question is not whether these properties have special value for the purposes for which they are being acquired by the city. There is a divergence of opinion as to whether that fact may be considered as an element of damage. See cases collated in notes in 11 L. R. A. (N. S.) 996, and 46 id. 392. The question here is whether the special use to which the property is being put at the time of the taking is a proper element to be considered in determining its market value. That such is the rule is shown by the text books. 15 Cyc. 727. " If it has a peculiar adaptation to certain uses, this may be shown, and if such peculiar adaptation adds to its value the owner is entitled to the benefit of it." 2 Lewis Em. Dom. (3d ed.) ¶ 707, p. 1238. And this rule is recognized and followed in the authorities. *Matter of New York, L. & W. R. Co.*, 27 Hun, 116; *Matter of Gilroy*, 85 id. 424; *Matter of Mayor of New York*, 74 App. Div. 343; *Boston Belting Co.* v. *Boston*, 183 Mass. 254, 260; *Teele* v. *Boston*, 165 id. 88. The rule is well

Supreme Court, February, 1917.        [Vol. 98.

stated in *Ranck* v. *City of Cedar Rapids*, 134 Iowa, 563, 571: '' The value of the property for any special use for which it is fitted or adapted may always be inquired into, and the fact that for a long time a particular line of business has been there carried on, thus giving an increased value to the location, may always be shown.'' A number of cases are collected in this opinion, those especially referring to the particular point in question appearing on page 567. In the same case the general rule is also stated thus (p. 565): '' Generally speaking, the true rule seems to be to permit the proof of all the varied elements of value; that is, all the facts which the owner would properly and naturally press upon the attention of a buyer to whom he is negotiating a sale and all other facts which would naturally influence a person of ordinary prudence \* \* \* to purchase.''

In *King* v. *Minneapolis Union Ry. Co.*, 32 Minn. 224, 226, it is said: '' This property was expressly built for a plow factory, and was especially suited for such a use. And it is not unreasonable to suppose that a purchaser would give more for it than he would if the business had been suspended for a time or had never been established there \* \* \* So with a stand long used for some branch of mercantile business. From that very fact it might be worth more for that kind of business than any other, and a man who wished to buy might give more for it than he otherwise would. If so, why is not that a proper element to take into account in determining its value? To do so is not, as counsel seems to argue, to pay the owner for his loss of business or loss of future profits, but simply to give him the marketable value of his property for the use for which it is best adapted, and for which it would bring the most.''

As the commissioners have failed to consider the use to which the properties were put and to determine whether such use increased their value, the report as to awards made for damage parcels 25 and 26 cannot be confirmed. There must be a new hearing as to them, but whether before the same commissioners or before new ones will be determined on the settlement of the order, at which time counsel will be heard, if they so desire. The evidence shows that as to the property of which parcel 25 is a part there are two other proceedings pending to open other streets through it and that in those proceedings the same claim has been made as is made here. It does not appear that any awards have been made in those other proceedings, but it is clear that the owner cannot be allowed damage in all of the proceedings on the theory that the opening of any one of the streets destroys the usefulness of his property for the purposes for which it had been used. This matter can be properly disposed of on the new hearing.

There are a number of objections made to the assessments. These relate to benefit parcels Nos. 2 and 12 (property of Navahoe Realty Company), 3 and 24 (property of Estate of Nelson), and 13, 14, 15, 18, 19, 20, 21, 25, 27, 28, 30, 31, 32, 34, 35, 39, 44, 47, 48 and 49 (properties of different owners represented by Mr. LaRoche).

The objections to assessments against parcels 2 and 12 and 3 and 24 are that they are disproportionate to other assessments in the same block. This, however, is not borne out. An inspection of the report and map shows that the assessment is proportionate for the entire block. There is another objection, however, which relates to parcels 2 and 3. They are situated on the corner of Queens boulevard (already opened) and Third street (one of the streets being opened in

46

Supreme Court, February, 1917.        [Vol. 98.

this proceeding). Those two parcels fronted on a public highway owned by the city, as the report and map show. That portion of those parcels which immediately adjoins Queens boulevard (say, for 100 feet in depth from it) had access to that highway without regard to this proceeding. The benefit, therefore, that they received by this proceeding is much less than the benefit received by interior properties which previously had not fronted on any open highway. *Matter of City of New York* (*54th and 55th Sts.*), 98 Misc. Rep. 156, and cases cited. For this reason there must be a reassessment on parcel 2 and 3, in order that so much of them as lies within 100 feet of Queens boulevard shall be assessed at a different rate from the balance of the properties in the block between Queens boulevard and Greenpoint avenue. The commissioner of assessment adopted the " block by block " plan, so this modification in no way will affect the assessments in any of the other blocks.

Mr. LaRoche, on behalf of other property owners in the block between Queens boulevard and Greenpoint avenue, contends that the commissioner of assessment has fixed a different rate of assessment upon the properties in question which front on Queens boulevard than upon the properties in that block, but his claim is erroneous for it is based on wrong figures and wrong figuring. The corporation counsel also makes a similar claim and, although he uses different figures, they are equally erroneous. The fact is that no assessment is based merely upon the lineal frontage. The area of assessment is prescribed and the contents of that area as well as the number of feet frontage are factors in fixing the amount. If this is borne in mind, accurate figures taken and the calculations properly made, it will be found that the basis of assessment in the entire block in question is the same for its whole

length.  In some instances the figures on the benefit map are apt to be misleading and may have caused counsel to make their assertions.

Numerous objections are made by the clients represented by Mr. LaRoche to the assessments against their properties.  They have all been considered.  He contends that the " block by block " system was wrong and should not have been applied.  His clients own property between Queens boulevard and Woodside avenue.  He contends that the assessment to pay for the property acquired between these highways should be borne in part by the other properties affected by this proceeding.  The only portion of the proceeding where virgin lands are taken is for the opening of Third street, between Queens boulevard and Woodside avenue.  The remainder of the streets covered by the proceeding had been used as highways and there was a portion of Third street previously opened and which is not involved here and which lies between the portions affected.  The result of this proceeding is to have a continuous thoroughfare on Third street, from Jackson avenue to Queens boulevard.  The assessments levied are greater on the properties between Queens boulevard and Woodside avenue than they are on the properties between Woodside avenue and Jackson avenue, but the reason is plain.  There was an award for land taken in the former section, which was assessed against the abutting property and there was no such award in the latter section; hence the assessment is less.  It would seem proper that the property which had no frontage prior to this opening should be assessed more than the property which did have frontage.  There are cases, such as *Matter of Blondell Ave.,* 150 N. Y. Supp. 403, and *Matter of St. Raymond Ave. in City of New York,* 162 id. 185, in which it has been held that the " block by block " rule should not

be followed. But they were cases involving exceptional situations which do not exist here, so the general rule should apply.

It is claimed that the area of assessment fixed by the board of estimate is inequitable and should be changed. The basis of this claim seems to be that the property located on the portion of Third street already opened and not involved here, lying between Woodside avenue and Stryker avenue, should have been included. Doubtless that property was assessed when that portion of Third street was opened. The present assessment limits extend to the center of the blocks on each side of the improvement. ·This is usual and probably the fairest and most equitable plan which could be followed. No good reason for changing it appears. Whether the court has the power to change the area of assessment fixed by the board of estimate need not now be passed upon. The authorities on this point seem not to be uniform. *Matter of E. 169th St.,* 26 Misc. Rep. 257; affd., *sub nom. Matter of Mayor,* 40 App. Div. 452; affd., 161 N. Y. 622; *Matter of City of New York (Brooks Ave.),* 8 App. Div. 294; *Matter of Extension of Church St.,* 49 Barb. 455; *Stevenson* v. *Mayor,* 1 Hun, 51; *Matter of City of New York (Spuyten Duyvil Road),* 87 Misc. Rep. 635; *Harriman* v. *City of Yonkers,* 181 N. Y. 24; *Matter of Phelps,* 110 App. Div. 69; *Matter of City of New York,* 81 Misc. Rep. 541; *Matter of Cotton St.,* 151 N. Y. Supp. 639; *Matter of Livingston St.,* 18 Wend. 556; *Genet* v. *City of Brooklyn,* 99 N. Y. 296; *Livingston* v. *Mayor,* 8 Wend. 85; *People ex rel. Griffin* v. *City of Brooklyn,* 4 N. Y. 419; *Matter of Church,* 92 id. 1.

Changes were made in this proceeding after it was started, the changes being in the elimination or modification of grade; and they required additional expense.

It is claimed that the expenses incurred prior to the making of the changes, and which were rendered useless by the change, should not be imposed upon the property owners but should be borne by the city. This is equitable. If the city changes its mind after proceedings have been instituted, the property owners affected should not suffer as a result. If an expense is incurred in connection with an improvement directed by the city and then the city directs a different one, it cannot require the property owners to pay the expenses occasioned by its lack of decision or change of determination. Such expenses must be borne by the city itself. *Matter of Rosedale Ave. in City of New York,* 162 N. Y. Supp. 877. Whatever expenses were thus unnecessarily incurred in this proceeding must be deducted from the assessment levied against the property owners. If this requires a retaxing of the costs, that can be done.

While there seems to have been much unnecessary time spent in trying out the question of title to a small plot of ground, the court cannot say that the city is chargeable with the expense thus incurred.

Objection is made that benefit parcels 15, 28 and 30 are assessed at the same rate as other properties in the same block, notwithstanding these properties will be at an elevation of about nine feet above the street, while other properties will be near grade. No allowance has been made for the lesser benefit caused to these elevated properties. Property which is considerably above or below is benefited less than property at the grade. *Matter of City of New York (W. 231st St.),* 160 App. Div. 472; affd., 212 N. Y. 590. The elevation of these parcels above the grade of the street should have been considered and allowance made therefor.

The claim is made that the property on the west side

Supreme Court, February, 1917. [Vol. 98.

of Third street, between Skillman avenue and Wood-side avenue, should be treated the same as the property on each side of Third street and fronting on Queens boulevard. These are not in the same block as the parcels on Queens boulevard. As the " block by block " rule has been used, it was proper to assess each of these properties at the same rate, whatever that might be, for each of them had a frontage on an existing street before this proceeding. Benefit parcels 21 and 30, located on the southerly side of Greenpoint avenue at the corner of Third street, are, however, in the same block with the Queens boulevard parcels and should not be assessed at the same rate as the interior lots, as they both had frontage on Greenpoint avenue regardless of this proceeding.

Except as stated, the report of the commissioners of estimate is confirmed. As the " block by block " rule has been held to be proper and applicable and as no change in either awards or assessments is directed, except in the block between Queens boulevard and Greenpoint avenue, it would seem that the report of the commissioner of assessment, except in that block, should also be confirmed. If there is any reason why this is not proper, it may be presented on the settlement of the order.

Ordered accordingly.