Matter of CITY OF NEW YORK (PUTNAM AVENUE WEST).

(Supreme Court, New York Special Term, August, 1919.)

Damages — street opening proceedings — adjoining parcel — what included in award for property taken — condemnation proceedings.

> Where the owner of land taken for a new street is also the owner of the right to any damage to an adjoining parcel, there should be included in the award for the property taken, the damages, if any, to the adjoining parcel because of what may be shown in reference to the grade of the new street.
>
> A contention on the part of the city that the adjoining parcel, being included within the area deemed benefited, cannot be damaged, held untenable.

MOTION for the confirmation of report of the commissioners of estimate.

Edward F. Reynolds (William P. Burr, corporation counsel, on brief), for city of New York.

Clarence C. Ferris, for objector, Bertha Odell Ferris.

FINCH, J. This proceeding was instituted for the purpose of acquiring title to the property required

for the opening and extending of Putnam avenue West, from West Two Hundred and Thirty-third street and Van Cortlandt Park South, borough of The Bronx. The claimant owned in fee damage parcel No. 5, all of which was taken in this proceeding, and also owned the right to any damages over parcel 16 adjoining, the title to parcel 16 being in one Hicks. Apparently all this property was owned by said Hicks until after the commencement of this proceeding, when the part taken and the right to damage over the other portion was conveyed to the claimant Ferris. Such conveyance may make clearer the results herein reached, but the rights are the same whether such conveyance was made or not. The intended regulation of the new street will leave that portion of the property adjoining that taken from twenty-five feet below the new street level at one end to twenty-one below at the other. Intended regulation in this case is the establishment of the permanent grade of the street as it will be after the work of opening the street is completed. *Matter of Trinity Ave.,* 81 App. Div. 218. The claimant was awarded damage only for the taking and not for any damage caused by the intended use of the part taken. The sole question presented for decision is whether there should be included in the award for property taken in this proceeding damages, if any, to the property remaining because of what may be shown on account of the intended regulation in reference to the grade of the new street. It seems clear that such damages should be included, as the rights taken are a part of the property rights acquired for the opening of the new street. *Matter of Lafayette Ave.,* 147 N. Y. Supp. 839; *People ex rel. City of New York* v. *Lyon,* 114 App. Div. 583; affd., 186 N. Y. 545; *County of Erie* v. *Fridenberg,* 221 id. 389; Report of Commissioners, Matter of 236th St. That an owner who has land taken for a new street

running over a railroad and has a high buttressed wall erected adjoining the property he has left in fact suffers more damage than an owner who has only land taken and no wall erected adjoining the part remaining cannot be disputed. In fact the city admits that if such acts were done pursuant to a taking by a business corporation, " moved by consideration of personal advantage " (*Booth* v. *R., W. & O. T. R. R. Co.,* 140 N. Y. 267), compensation must be given. The city contends, however, that such damages are not compensated for if the land taken is for a street (which it insists that this is), although apparently it considers that a different rule might be applied if this could be considered the case of a " bridge approach." It is difficult, if not impossible, to see any rational distinction between the case of a street which passes over a bridge and one which does not. The city contends that no damages could be awarded for change of grade at common law, and hence that such right depends solely upon statute. Such contention is true, but the answer is that this is not a case of change of grade as that term is usually used in these proceedings. Such term is usually used to denote a change of grade where a street already exists, and in that case it is presumed that the rights incidental to a street in use have already been acquired either by dedication, purchase or condemnation. As was said in a leading case decided in 1823: " The defendant, acting as highway surveyor of the city of Boston, cut down the street in front of plaintiff's house so as to lay bare its walls and endanger its falling, to remedy which he was obliged to incur large expense. The court, having determined that the work was authorized by legislative enactment, proceeded to consider whether the plaintiff's property was taken within the meaning of the constitution and whether he could recover upon any

Supreme Court, August, 1919.    [Vol. 108.

ground. This question they solved in the negative. The court held this provision applied only to property actually taken and appropriated by the government and not to consequential damages; that when the highway was established, whether by condemnation or otherwise, the public acquired not only the right to pass over the surface in the state it was in when first made a street, but also the right to repair and amend the street in such manner as the public needs might from time to time require; that the liability to damages by such alterations was a proper subject for the inquiry of those who laid out the road, or, if the title was acquired by purchase, the proprietor might claim compensation not only for the land taken, but for such damages, and that persons purchasing upon a street after the layout were supposed to indemnify themselves against loss by reason of further improvements or to take the chance of such improvements." *Callender* v. *Marsh*, 1 Pick. 418, 430. And as Judge Cooley said: " The inquiry in all these cases is incidental to an exercise of public authority, which, in itself, may be assumed to be proper, because it is had by a public body acting within its jurisdiction, and not charged with malice or want of good faith. It must, therefore, be regarded as an injury that every citizen must contemplate as one that with more or less likelihood might happen. When the land was taken for the street, if damages were assessed, they would cover this possible injury, and it could never be known subsequently, that the jury in estimating them did not calculate upon a change in the grade of the proposed street as probable, and attach considerable importance to it in their estimate. It is matter of common observation that much beyond the value of land taken is sometimes given in these cases; not because of any present injury, but because contingencies cannot be fully foreseen.

And the rule in such cases is, that all possible damages are covered by the award, except such as may result from an improper or negligent construction of the public work, or from an excess of authority in constructing it. In other words, the award covers all damages resulting from the doing in a proper manner whatever the public authorities have the right to do.'' *City of Pontiac* v. *Carter,* 32 Mich. 164, 172. It would seem that like reasoning would apply to the ordinary case of widening a street already in use, as in that case the owner is left fronting on the same street. Such was the case of *Matter of City of New York (Rosedale Ave.),* 175 App. Div. 864. The above cases and many others like them proceed upon the principle that the rights here claimed by the claimant have already been acquired. Less frequently the reason assigned for the denial of a recovery and damages incidental to a change of grade in an existing street is that the damage suffered is *damnum absque injuria* upon the ground expressed in the phrase *salus populi est suprema lex.* But whatever the reason assigned for the principle there are seemingly no authorities extending the principle to deny damage suffered by the individual beyond the case of an already existing street, with, perhaps, the exception of one case, *Matter of Skillman Ave.,* Queens L. J., Oct. 10, 1917. If this case seeks to imply a different principle it is in apparent conflict with *Matter of Lafayette Ave., supra,* in the first department. It cannot be too strongly emphasized that the damage here suffered, by whatever term it may be known, is not incidental to a street already existing, but to a street now for the first time acquired. The owner suffering the damage is not therefore to be denied his relief because of this objection urged. The city also urges that since the parcel not taken is included within the area deemed

Supreme Court, August, 1919. [Vol. 108.

benefited, that therefore no damage can be recovered, since " it cannot be damaged and benefited at the same time." This likewise is confounding terms with facts. The claim for damages suffered by the taking *in invitum* is one thing, and the assessment for benefit is another. The latter is a matter of taxation wherein the benefits are to be equitably adjusted between the owners of the lands within the area of benefit. The city urges that this damage to the claimant would be compensated for in an allowance in the assessment for benefit, but the fallacy of this is seen, as well as essential distinction between the claim for damages for the taking and the assessment for benefit, by considering the not unusual case of where the city as a whole bears the expense, or in a case where the smallness of the expense to be divided among those benefited is out of proportion to the amount of damages as a whole awarded. In both of these supposititious cases a claimant in the position of the claimant in the case at bar would be without any redress for a portion of the damage suffered if the principle urged by the city were to prevail. It is obvious that no one may recover damages twice for the same injury, and where a claimant's damage has been received in a proceeding such as this, said claimant cannot recover damages a second time for the same injury in the assessment for benefit. But here the commissioners have expressly declined to award the damages sought, basing their refusal on the ground that the damage here sought is the same as damages due to an ordinary change of grade upon a street already existing. The distinction between such a case and the present one has already been pointed out. The commissioners have also attempted to award this damage by making an allowance in the assessment for benefit. This, of course, concedes that the claimant has in fact suffered damage

as she claims, but, as already pointed out, this allowance may bear no relation to the damages actually suffered. For this reason the objection of the claimant should be sustained, and it may appear upon a rehearing that the claimant, upon receiving her proper damage, may not be entitled to any allowance in the assessment for benefit.

Ordered accordingly.