In the Matter of LUZERNE-LAKE GEORGE COUNTY HIGHWAY, No. 804.

County Court, Warren County, December 9, 1932.

*Beecher S. Clother*, for the Board of Supervisors of the county of Warren.

*Lawrence B. McKelvey* [*Brenton Taylor* of counsel], for the property owner, William Bishop.

BOYCE, J. This is an application by the petitioner, the Board of Supervisors of the county of Warren, for confirmation of the commissioners' report herein, which awards the property owner, William

Bishop, $7,780.21 for his premises at Luzerne, N. Y., consisting of one-half acre of land and the buildings thereon, which were taken by the county for highway purposes.

The property owner objects to the confirmation of this report on the following grounds:

1. That the award made in and by said report is contrary to the evidence and so inadequate and unjust as to constitute a taking without fair compensation.

2. That said report does not state the rule adopted by the commission in making its award.

3. That the commission did not give consideration to the elements making up the proper value of the property involved.

4. That the commission committed prejudicial error, amounting to the adoption of an erroneous principle of damages, in excluding the evidence of the witness Bollinger on the value of ornamental trees and shrubbery.

In condemnation cases like the one at hand it is rather common for experts representing the landowner on the one side, and those representing the county on the other, to give, under oath, very different opinions as to the value of property to be acquired. In this case a divergence of substantial proportions is evident, the experts for the landowner placing the damage at something over $18,000, while the county's witnesses gave as their expert opinions that a sum somewhat less than $5,000 would represent adequate compensation for the taking.

In other words, if the commissioners had taken the evidence of the witnesses for the landowner as the true basis for their award, it would have been very much larger, while, on the other hand, if they had accepted the testimony of the experts for the county as representing the actual damage as the result of the taking, the award would have been substantially less.

At the outset we must realize that a judge, on passing on the adequacy of an award for lands taken by a condemnation commission, stands in a very different position from that which he holds when he is passing on an award by a jury in 'an action for damages.

The court's power to review the award of commissioners in condemnation proceedings is very limited. Every intendment is in favor of the action of the commissioners, and an award will not be set aside for inadequacy unless it is obviously wrong, or unless it is such as to shock the sense of justice of the court. (*Adirondack Power & Light Corp.* v. *Evans*, 226 App. Div. 490, 493.)

Section 14 of the Condemnation Law, as amended by chapter 612 of the Laws of 1926, requires the commissioners to view the premises. Unlike a jury, they are not restricted to any species of

evidence. The authorities are unanimous in holding that they are privileged to act on their own judgment from information obtained from an inspection of the property, as well as on the evidence produced before them. (*Matter of Thompson*, 121 N. Y. 277, 279.)

As a matter of fact, the courts have long recognized the power of a commission in condemnation proceedings to award less for the land taken than the valuation of such taking given by any expert. (*Matter of City of New York*, 159 App. Div. 662, 667.)

Having these principles in mind, the record of the proceedings does not justify a denial of the application on the basis that the award is inadequate.

It appears, however, that on the Bishop property there are many shade trees, including elm, maple, pine and hemlock; some fruit trees, shrubs and flower beds of hardy lilies, phlox, iris, peonies, hydrangea, beside asparagus and raspberry beds.

The property owner offered the testimony of one Emil Bollinger, a florist and landscape gardener, to show the value of these trees, flowers, shrubs and beds. This testimony was received over the objection of the county attorney, subject to a motion to strike out, and the testimony was later stricken from the record. This was error. Shrubs, shade trees, flower and fruit trees have a peculiar value to property of this character. Unless the landowner is permitted to show, by expert testimony, the value of such items, how is it possible for a commission, presumably non-expert in matters of this kind, to properly assess the damage for the taking of land of which they are a part? The exclusion of such testimony is likely to prohibit a landowner from placing before a commission, in proper form, this particular and in many cases very important, element of value.

The very theory of trial is that one side shall be permitted to show all the elements favorable to his side of the case, while the other party is permitted to show all the unfavorable elements. Likewise, when a man is compelled, and frequently unwillingly, to give up his land for public use, he should be permitted to recover not what he thinks it is worth, but its fair market value, and in arriving at such value he should at least have the right to prove every element that can frankly enter into the question of market value. (*Matter of City of New York*, 198 N. Y. 84.)

Generally speaking, the true rule seems to be to permit the proof of all the varied elements of value; that is, all the facts which the owner would properly and naturally press upon the attention of a buyer to whom he is negotiating a sale, and all other facts which would naturally influence a person of ordinary prudence to purchase. (*Matter of Opening Second and Third Streets*, 98 Misc. 716, 720.)

It is unfortunate that there does not seem to be in the reported opinions of this State a case exactly in point, where it has been

held specifically that a landowner was legally entitled to introduce expert testimony to show value of trees, shrubs, fruit beds, etc., but by analogy surely there is abundant authority for the proposition that such testimony should be made a part of the record for consideration by the commission in arriving at their estimate of the damage.

Proof of structural value or reproduction cost of buildings less depreciation, is competent to assist in showing market value. (*Cookinham* v. *Village of Richfield Springs*, 140 Misc. 760, 762.)

Testimony of the value of deposits of minerals is competent to supplement evidence of difference in value by reason of the taking. (*N. Y. Central R. R. Co.* v. *Maloney*, 234 N. Y. 208.)

The property owner has been permitted to show value of ginseng beds on the property taken. (*Matter of Bensel*, 158 App. Div. 41.)

In the State of Wisconsin evidence of the value of fruit trees on the right of way was permitted. (*Parks* v. *Wisconsin Central R. R. Co.*, 33 Wis. 413.)

The landowner also objects to the form of the report of the commissioners, claiming that it does not disclose the rule adopted by the commission in making their award, nor the elements considered by them in arriving at a decision.

The report is silent as to the rule adopted by the commissioners, and as to the elements and facts considered by them, the report simply states: " 10. That we ascertained and determined the compensation to be paid to said owners for the damages caused by taking said property and assessed, allowed and state the amount of damages sustained by several owners as follows: William D. Bishop, house, $5,934.21; land, $1,368; removing machinery, $288; icehouse, $75; land, east side, $15; garage and chicken house, $100; total, $7,780.21."

The authorities hold that it is proper for the court to send back the report of the commissioners with a direction that they state the grounds of their decision in order that it might clearly appear whether, in making their estimates, they took into consideration all the elements required by law. (*Matter of Board of Public Improvements*, 99 App. Div. 576.)

An order is, therefore, directed that the report be sent back to the said commissioners for the purpose of considering the testimony of the landowner's expert, Bollinger, and to give the county an opportunity to offer testimony in contradiction of such evidence, and for the purpose of receiving further testimony, if they find it necessary, in order to conform to the rule outlined in this memofanda; and said commissioners are directed to make and file a new report, in accordance with the suggestions herein contained, setting rorth in detail, the grounds of their decision, the rule adopted by them, the elements and details considered by them in applying the rule, and the method of computation.