Edward M. O’Gorman, J.
The above-entitled condemnation proceedings have been the subject of substantial delay. In each of them, the plaintiff has now applied to the court for a ruling with respect to certain procedural matters involved in the hearings before the Commissioner's of Appraisal. The affidavits submitted by the defendants contend that the Commissioners of Appraisal were unduly influenced by the attorney for the condemnor. Defendants also contend that the obligation to go forward with the presentation of evidence rested on the plaintiff, and, as a consequence, when the plaintiff declined to open the proceedings, the defendants declined to offer any evidence on their own behalf, and after considerable discussion, as appears from the record, the hearings were terminated and this application was made to the court for a ruling on the matter.
These proceedings raise procedural questions dealing with the conduct of hearings by Commissioners of Appraisal on which there are few 1 clear guidelines. The court will accordingly deal with the questions raised in some detail, although the commissioners themselves, in the first instance, through their selected presiding officer, should determine procedural questions which are presented to them during the course of their inquiry. They should also rule on the admissibility of evidence presented to them. They are not bound by technical rules of evidence which regulate the introduction of testimony in a jury trial (Matter of Board of Water Comrs. of Vil. of White Plains, 71 App. Div. 544; Nichols, Law of Eminent Domain, § 4.106 [1]). Commissioners of Appraisal have substantial latitude in regulating the proceedings before them. The following statement-made in an early case, when speaking of the commissioners, is applicable at the present time: “So, whether one party or the other should be first heard, was for them to determine. Having decided that the counsel for the railroad corporation might open and close the hearing, the defendant was concluded by their decision. If, on the other hand, the same privilege had been awarded to the owner of the land, it would have furnished no ground of objection to the validity of the proceedings. The decision of the commissioners in this respect was, perhaps, more in analogy to judicial proceedings, than to have allowed the owner to close the case, but it is enough to say that the commis *993 sioners had the right to hear the proofs and allegations in such order as they might deem most conducive ¡to justice between parties.” (Albany Northern R. R. Co. v. Lansing, 16 Barb. 68, 70.)
In making - arrangements for the conduct of the hearings, including the selection of a stenographer, the board should act independently of both parties. The representative of the condemning agency, although acting on behalf of the public, is to be regarded as an adversary in the proceeding, and it is inappropriate for him to participate in or guide the deliberations of the commissioners or their rulings on procedural questions. When the commissioners seek guidance they should not rely solely on the recommendations of the condemnor’s attorney. As has been frequently stated, it is essential that our judicial proceedings be impartial in form as well as in substance.
The dispute which arose in this case as to 'the selection of a stenographer by the plaintiff should not arise in the future. The board of commissioners should make the selection, even though the eventual responsibility for paying the fees of the stenographer may fall on the plaintiff.
The contention of the defendants that the plaintiff either directly or indirectly attempted to influence or did in any way influence the selection of the commissioners in either of the above cases is wholly without foundation.
We come now to the question of the duty to go forward with proof, which the commissioners failed to decide, and which gave rise to the impasse which terminated the valuation hearings without the production of evidence. At the outset, the court should make clear that the responsibility for making this determination is also the responsibility of the commissioners, and, depending on the circumstances, any reasonable exercise of their discretion in making this determination will normally be upheld by the court.
With respect to this issue generally, it should be remembered that the proceeding in which, the commissioners are engaged is different from the customary fact-finding proceeding conducted by a court of record when trying an issue in a civil case with the aid of a jury. In the latter case, both sides present evidence to the jury and the jury must confine its deliberations to the evidence presented. In a civil case, the party having the affirmative of an issue has the burden of proof. Should the party having such burden of proof fail to sustain that burden, the jury may not make a finding in his favor on such issue.
*994 The Commissioners of Appraisal, on the other hand, have a duty imposed upon them by law to find the true value of the property, and they may not substitute rules concerning the burden of proof to absolve them from making this finding (Condemnation Law, § 14).
While the parties have a right to submit evidence for the consideration of the commissioners, the commissioners are not bound to confine themselves to such evidence in making their determination (Hudson Riv. Regulating Dist. v. Cady, 131 Misc. 768). They are not restricted to any species of evidence (Matter of Luzerne-Lake George County Highway, 145 Misc. 736). The commissioners in fixing damage to be awarded may accept the estimate of witnesses or may act on their own observation (New York, Westchester & Boston Ry. Co., 151 App. Div. 50). They may consider the testimony of experts, but such testimony is advisory only, and not binding on the commissioners (Adirondack Power and Light Corp. v. Evans, 226 App. Div. 490).
There is, therefore, no customary role for the burden of proof to play in the determination of questions of value pursuant to the Condemnation Law.
In this connection, if such a rule is to be applied to any extent, we should look to the rules governing the pleadings required by statute in a condemnation proceeding. Subdivision 6 of section 4 of the Condemnation Law requires the plaintiff to allege the fair value of the property to be condemned. Section 9, regulating the content of the defendant’s answer, does not require the defendant to do more than to deny the allegations of the petition. He is not required, in order to obtain the fair value of his premises in condemnation, to allege in the first instance what he claims with respect to such value.
Under these circumstances, it would seem that the plaintiff has the burden, in the first instance, of establishing that the fair value of the property to be condemned is the value alleged in the complaint as a part of the plaintiff’s affirmative case. It would seem logical, therefore, to require the plaintiff to go forward with its proof and then grant the opportunity to the defendant to go forward with additional evidence he might wish to present to the commissioners to support his claim that the value of the premises to be condemned is greater than that stated in the plaintiff’s petition.
There is little clear authority in this State on the question of the burden of proof in a condemnation proceeding such as is involved here. The question before a divided court in Heyert *995 v. Orange & Rockland Utilities (17 N Y 2d 352) involved principally a question of damages to the property owner as a result of the installation of a gas main in the highway in front of his premises. The issue between the parties centered around whether there was any damage or whether there had been consequential damage to the property owner. In Heyert, the court placed the burden on the property owner to show that he had. been damaged. Chief Judge Desmond, dissenting, felt that as a matter of law there were no damages. The facts in this case seem readily distinguishable from an inquiry as to value.
In other jurisdictions (see 5 Nichols, Law of Eminent Domain, § 18.5), there is a large body of authority which places the burden of proof on the issue of value upon the taking agency. Other jurisdictions indulge in a presumption that when the taking agency is a government subdivision, it is presumed to have made a fair offer, and accordingly the land owner has the burden of proof that just compensation requires a sum greater than the amount conceded by the Government.
A third view, which would seem to the court to be the most appropriate to these circumstances, is that neither party has the burden of proof. In such jurisdictions, the measure of just compensation involves a question of fact to be determined in rem. These rulings are based on the theory that the parties are not adversaries and therefore neither party should have a greater burden of proof than the other.
The above matters are therefore returned to their respective boards of commissioners with a direction that they proceed to ascertain the value of the premises in question without further delay. The determination of the question as to who has the duty of first presenting evidence should be determined by the commissioners. In the absence of matters which may suggest to the board a contrary conclusion, a logical procedure to adopt is to require the condemning agency to establish the value alleged in the petition, and thereafter to receive such evidence as to it might seem appropriate, including evidence presented by the defendant, to enable it to finally make a determination as to the value of the premises.
In the interest of saving further time, this opinion may be regarded as the order of the court, without further submission.