"Van Note asked me if it wasn't possible to fix up matters, as he was very short of money. I told him that there was no way that I could see of fixing up matters, unless it was by arbitration."

We think these conversations are insufficient to establish an attempt on the part of the defendant to have arbitrators selected, or a demand or offer on his behalf to that effect, with a refusal on the part of the plaintiff; and in view of the plaintiff's evidence that all that was ever said on the subject was on one occasion, when the defendant said: "This bill is high; we'll have to settle it by arbitration," or "arbitrate it,"—we think the refusal of the referee to find that arbitration was demanded by the defendant and refused by the plaintiff was fully justified.

The record is voluminous, and many questions are presented affecting the details of the claim and counterclaim. The result reached by the referee is a just and fair one, with which none of the rulings warrants interference. The judgment should be affirmed.

Judgment of the county court of Kings county affirmed, with costs. All concur

---

In re BOARD OF WATER COM'RS OF VILLAGE OF WHITE PLAINS.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. CONDEMNATION PROCEEDINGS—BOARD OF COMMISSIONERS—APPEAL—REMAND.
    Where, on an appeal from the report of commissioners in condemnation proceedings awarding payment to property owners for land taken, the award did not show the theory of appraisal, and the record did not show that the question of the value of the franchise was excluded, and it was contended that the commissioners made no allowance for the corporate franchise, the report will be returned with an order for the commissioners to state the rule adopted by them.

2. SAME—JURISDICTION.
    Under Code Civ. Proc. § 3377, providing that on appeal from the final hearing in condemnation proceedings the appellate division may direct a new appraisal before the same or new commissioners, the appellate division has authority to send the report back, and to require the commissioners to state the theory of their appraisal.

Appeal from special term.

Application by the board of water commissioners of the village of White Plains to acquire certain real property. From an order of the special term confirming a report of the commissioners, defendants, the Farmers' Loan & Trust Company and others, appeal. Order returning the report to the commissioners.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

David McClure and Louis Marshall, for appellants.
Henry T. Dykman, for respondents.

JENKS, J. The report of the commissioners states that:

"After the taking of testimony was finished, we did, all being present, and without any unnecessary delay, ascertain and determine the compensation which ought justly to be made by the plaintiff to the owners of the property appraised by us. * * * The amount ascertained and determined by us, as

aforesaid, to be paid by the plaintiff to the owners of and persons interested in the property described in the petition herein and hereinafter described for the acquisition by the plaintiff of the fee of such property in the name of and on behalf of the village of White Plains, is the sum of one hundred and three thousand two hundred and ninety-eight dollars."

This is the sole statement of the award made by the commissioners. It appears that upon the motion addressed to the learned special term for confirmation of the report, the learned counsel for the appellants moved that the court send the report back to the commissioners, with instructions that the said commissioners should make and file a supplemental report showing the theory upon which the said commissioners proceeded and the manner in which they arrived at the result. This was not done, for the report was in all respects ratified, approved, and confirmed. It is now urged upon the appeal that the commissioners' award was erroneous in that they made no allowance whatever for the corporate "franchise." If the commissioners did take into consideration the value of the corporate "franchise" in making their award, then there is, of course, no erroneous theory of award in this respect based upon the fact that this element was entirely shut out of their consideration. Under such circumstances, then, this precise question of erroneous theory would not be presented on this appeal. On the other hand, if it appeared that the commissioners did not, in their award, consider at all the value of the corporate "franchise," then the question as to whether it was their duty to consider it in this case might be before us. We have examined the 3,000 pages of the record to find any ruling of the commissioners which excluded the question of the value of the "franchise," but in vain. On the other hand, we find that witnesses were permitted to express their opinions upon the subject. Without intimating our opinion upon any branch of the case, and without in any way reflecting upon the commissioners, we feel constrained to send the report back to them to state the grounds of their decision and the rule adopted by them, so far as any evidence was before them touching or concerning the alleged value of any corporate "franchise." Without intending to prescribe a form, we call the attention of the commissioners to the apportionment of the compensation tabulated in Re City of Brooklyn, 143 N. Y. 596, 600, 38 N. E. 983, 26 L. R. A. 270. In Re Prospect Park & C. I. R. Co., 85 N. Y. 489, application was made to the special term by the landowners that the report be sent back to the commissioners with direction that they should state the grounds of their decision and the rule of law adopted by them in making the same, which was opposed and denied. The court of appeals say:

"The order denying the motion of the landowner to have the report sent back to the commissioners with directions to them to state the grounds of the decision was one resting in the discretion of the supreme court. It was, at most, a mere matter of practice."

We are not limited merely to affirmance or to reversal, but may direct a new appraisal before the same or new commissioners, in our discretion. Section 3377, Code Civ. Proc. The power that we now exercise is certainly much less than the discretion conferred

upon us in the premises. In the case cited in 85 N. Y. the power of the special term under the statute was simply that of confirmation (section 17, c. 140, Laws 1850), and yet the court of appeals held that the power then exercised rested in the discretion of the supreme court. And then the general term had, as the appellate division now has, the power to direct a new appraisal before the same or new commissioners, at its discretion. Id. § 18. It should be plainly understood that this is in no respect a direction for a new appraisal, but simply deals with the form of the report of the commissioners of their determination made upon the testimony taken. The order, in conformity with this memorandum, may be settled by this court upon notice of 10 days. All concur.