THE CITY OF BINGHAMTON, Plaintiff, *v.* JESSIE M. TAFT and Others, Defendants.

Supreme Court, Broome County, July 14, 1925.

Condemnation — award — application to confirm report of commissioners in proceedings to condemn title to land taken by city of Binghamton for bridge approach — evidence indicating enhancement to remainder of parcel after severance proper to show reduction of damages — notwithstanding prohibition contained in Condemnation Law, § 14, general enhancement in land values in locality of proposed improvement may be shown — exclusion of evidence as to selling prices of other parcels in neighborhood not error — damages should be awarded upon value of parcel as of date when city took possession — report of commissioners remitted for purpose of disclosing rule by which they determined award.

Upon condemnation proceedings had to ascertain damages to be awarded defendants for property taken by the city of Binghamton in proceedings brought to condemn said property for a bridge approach, it was proper and competent for the city to show in reduction of damages the enhancement to the remainder of the parcel after severance by virtue of the improvement.

Notwithstanding the prohibition contained in section 14 of the Condemnation Law, to the effect that commissioners in fixing the amount of compensation to be awarded in condemnation proceedings should not make any allowance or deduction on account of any real or supposed benefits which the owners of the property condemned may derive from the public use for which the property is to be taken, it is competent to consider the fact that there was a general enhancement of land values by the proposed improvement and that the fact of such general enhancement is an element properly to be considered in reaching a true value of the property taken.

It was not error to exclude evidence as to the selling price of other parcels in the locality of the proposed improvement, since such evidence is not competent as bearing upon the market value of defendants' parcel. Though the defendants

**412**    City of Binghamton *v.* Taft.

Supreme Court, July, 1925.     [Vol. 125

sought to use such evidence for the purpose of impeaching the value of the opinion testimony of plaintiff's experts, it was not error to exclude it where defendants failed to show the particular purpose sought by such evidence and failed to lay a proper foundation.

While the date with respect to which damages are awarded and compensation made in condemnation proceedings ordinarily is the day of the report made by the commissioners, defendants are entitled to damages and compensation based upon the value of the property on the day the city took possession and entered upon said property.

The report of the commissioners should be remitted to them for the purpose of receiving further testimony if they find it necessary, and to set out the rule adopted by them in making their award.

Application to confirm the report of commissioners in proceedings to condemn the title to land for a bridge approach.

*William L. Lewis,* corporation counsel, for the plaintiff.

*Jenkins, Deyo & Hitchcock,* for the defendants Larrabee-Deyo Motor Truck Company, Inc., and others.

*Hinman, Howard & Kattell* [*Thomas B. Kattell* of counsel], for the defendants Mary P. Mason and another.

Rhodes, J.:

This is an application to confirm the report of commissioners appointed to ascertain and report as to damages and compensation to be awarded to the defendants for property taken by the city of Binghamton in proceedings brought to condemn the same. The property of the defendants Mason which is being acquired is on the west side of the Chenango river, constituting a portion of the approach to the bridge which the city is constructing. The property of the defendant Larrabee-Deyo Motor Truck Company, Inc., is on the east side of said river, constituting a portion of the eastern approach to said bridge. While the defendants Mason have appeared by attorneys on this application, they have raised no objection to the confirmation of the report. The objections which have been raised and which are hereafter discussed, are raised in behalf of the defendant Larrabee-Deyo Motor Truck Company, Inc., and for convenience whenever mention is made of the defendant in this memorandum, it will refer to the defendant Larrabee-Deyo Motor Truck Company, Inc., unless otherwise indicated.

The property of the defendant corporation taken by the city consists of a piece of land somewhat irregular in form, taken from the southerly end of defendant's plot, the parcel so taken being wider on its northerly side and narrower on its southerly side. Upon the third and final hearing before the commissioners, the defendant's attorneys stated that it made no claim of any damage to its remaining property by reason of the construction of the improvement.

It is agreed between the attorneys that the sole issue to be determined is the market value of the parcel of land actually taken by the plaintiff, but they are not in agreement as to the elements properly to be considered as evidence in arriving at such market value. Defendant's attorneys criticise the evidence of plaintiff's witnesses who gave their opinion as to the value of defendant's entire tract, and then their opinion as to the value of the remainder after the severance of the parcel taken. Defendant's criticism is directed to the fact that plaintiff's witnesses testified that in giving their value of the remainder of the tract after the severance, they took into consideration the enhanced value to the remainder by reason of the improvement. But this evidence was introduced before defendant's attorneys had stipulated on the record that defendant made no claim for damages to the remaining lands after the severance. At the time the evidence of these witnesses of plaintiff was introduced, there was nothing to advise the commissioners, nor plaintiff's attorney, that the question of damages to the remaining tract was not up for consideration. So far as it then appeared that question was before the commissioners and upon that question of damage to the remaining tract it was competent for the plaintiff to show in reduction of damages the enhancement to the remainder by virtue of the improvement.

Plaintiff's attorney insists that in determining the market value of the parcel taken, it is not proper to consider the enhanced value created by the proposed improvement, and refers to section 14 of the Condemnation Law, as amended by Laws of 1922, chapter 221, which provides in part that the commissioners in fixing the amount of such compensation " shall not make any allowance or deduction on account of any real or supposed benefits which the owners may derive from the public use for which the property is to be taken, or the construction of any proposed improvement connected with such public use."

Defendant's attorneys insist that notwithstanding the provision of such section, it is competent to consider the fact that there was a general enhancement in land values in the locality of the proposed improvement, and that the fact of such general enhancement is an element properly to be considered in arriving at the true value of the property taken at the time to which the inquiry is directed, claiming that there is a distinction between general enhancement of property values which may be produced by the contemplated improvement, and the benefits or damages, real or supposed, caused directly, particularly and specifically to the property taken, by virtue of the improvement. It seems clear that there is such a distinction, otherwise property in the locality might have a generally

enhanced value because of the proposed improvement, and if this could not be taken into consideration in determining the market value of the property taken, such value might be established at a lower level than surrounding properties. But this does not contemplate an enhancement in value to the particular property taken which results to it peculiarly and specially by reason of some particular benefit, result or advantage to the parcel taken, different from the advantages and enhancements to properties generally in the immediate location. No case in this State has been called to my attention bearing upon this point. This point was considered, however, in the case of *Ranck* v. *City of Cedar Rapids* (134 Iowa, 563), where a witness for the defendant testified that the fact that a bridge was to be constructed at a certain point had the effect to increase the market value of the property generally in the neighborhood. The court there said: " *The convenience and availability of such property for use as a bridge landing is a material consideration in fixing its value, as is, also, any general advance of real estate values in that neighborhood without regard to the cause which produced it; and this is true even if the general advance is attributable to the very improvement for the use of which the condemnation of a particular lot is being made.* \* \* \* *True, plaintiff is confined to the value of the property at the time of the taking; but the amount of his recovery is not to be reduced or diminished simply because such present market value may have been strengthened or enhanced by the prospect of the improvement for which the condemnation is made.*" This case is cited, but not upon this particular point, by Mr. Justice Cropsey in *Matter of Opening Second & Third Streets* (98 Misc. 716, 720).

Defendant also claims that it was prejudiced by the ruling of the commissioners excluding evidence as to the selling prices of other parcels of property in the immediate neighborhood. This evidence defendant claims was competent, not for the purpose of establishing the market value of the property taken, but for the purpose of impeaching the testimony of certain expert witnesses called by the plaintiff. These witnesses had testified, as bearing upon their qualifications as to the values of property in the vicinity, that they knew of prices for which certain other properties in the vicinity had been sold. Defendant's attorneys insist that they are entitled and should have been permitted to introduce proof showing the actual sale price of such other parcels, simply for the purpose of showing that the information relied upon by the experts as to selling prices was inaccurate, thereby seeking to discredit the value of their testimony as experts. Undoubtedly such testimony is competent to show the extent of the witness' qualifications or lack

of qualifications as an expert. For instance, when an expert has given an opinion and cited a treatise as his authority, the book cited may be offered in evidence by the adverse party as impeaching the testimony. The character or qualification of a witness is always a material fact which may be established by independent testimony, and a party is not precluded from offering such testimony by the answers of the witness. (See *People* v. *Webster*, 139 N. Y. 73.) But although such evidence might have been competent, it does not appear that any error was committed by the commissioners herein in refusing to receive such evidence, because the record presented does not show that the question was properly presented to enable such evidence to be received. At the close of the hearing and just before the defendant rested, its attorney stated that he would like to offer in evidence the selling price of the Leonard property, the Lentz property, the synagogue property and the Schultz properties, all of which properties are in the vicinity of the parcel sought by the city. No statement was made by defendant's attorney as to the particular purpose sought by the proposed introduction of such evidence. It was not competent as bearing upon the market value of the defendant's parcel, and the point was not brought to the attention of the commissioners that the evidence was sought to be introduced for the purpose of impeaching the value of the opinion testimony of plaintiff's experts. Plaintiff's attorney objected to the evidence as irrelevant, incompetent and immaterial, and the objection was sustained.

The attorneys raise the question as to the date with respect to which damages are to be awarded and compensation made. Unquestionably, in ordinary cases, the inquiry is directed to ascertaining the damages as of the date of the report made by the commissioners, but in this case it appears that plaintiff took possession of and entered upon the property of the defendant pursuant to an order of this court on the 21st day of January, 1925. The property having been taken possession of on that date, the inquiry should be directed to determine the value of the property taken as of that date, and the report should award damages and compensation based upon the value of the property on the 21st day of January, 1925, with interest thereon from and after that time.

Defendant also objects to the form of the report of the commissioners, claiming that it does not disclose the rule adopted by the commissioners in making their award, nor the elements considered by them in arriving at a decision. It appears that the amount awarded is in excess of the values fixed by plaintiff's experts, and is lower than the values fixed by defendant's experts. The

report is silent as to the rule adopted by the commissioners and as to the elements and facts considered by them. The report simply states that " we have ascertained and determined and do hereby find that the compensation which ought justly to be made by the plaintiff to the owners of the following described premises therefor and for such damages as they have sustained by reason of the taking thereof, is as follows: "

In *Matter of Board of Water Commissioners* (55 App. Div. 77) a report of commissioners was directed sent back to state the grounds of their decision and the rule adopted by them. (See *Matter of Board of Public Improvements*, 99 App. Div. 576.) There a report of commissioners was sent back to them to state the grounds of their decision in order that it might clearly appear whether in making their estimates they took into consideration all the elements required by law.

In this present proceeding it may be that the commissioners have followed the correct rule, and no opinion is here intended to be expressed as to the amounts fixed and awarded, but it is desirable that it be made more specific.

An order is, therefore, directed that the report be sent back to said commissioners for the purpose of receiving further testimony if they find it necessary in order to conform to the rule outlined in this memorandum, or in case said commissioners deem it necessary to enable them to make a satisfactory, fair and proper determination and report, in which event said commissioners are directed to make and file a new report in accordance with the suggestions herein contained, setting forth in detail the grounds of their decision, the rule adopted by them, the elements and details considered by them in applying the rule, and the method of computation, and providing further in case the commissioners shall have followed the rule here outlined as to ascertaining and determining the market value of said land sought to be acquired, and shall deem it unnecessary to hear further evidence, then and in that event they are directed to file a supplemental report setting forth in detail the matters above required.

The matter of costs and allowances is reserved until the coming in of the further report herein.