County Court, Madison County, September, 1927.     [Vol. 130

and of sound mind.    I, therefore, hold that the necessary formalities required in the execution of the will were complied with, and the testator was of sound mind and understanding, free from all undue influence, and the will should be probated.

---

In the Matter of the CHITTENANGO-CAZENOVIA, PART 1, HIGHWAY.

County Court, Madison County, September 1, 1927.

**Highways — condemnation of land, including building — business conducted and profits realized should be considered in assessing damage — supplemental report ordered to show elements considered in fixing award — Highway Law, § 152.**

This is an application to confirm the report of commissioners in proceedings to acquire a piece of land and the building thereon as a part of a county highway. There was a wide difference in the value placed upon the building and land by the witnesses.   The petitioners' witnesses did not take into consideration the profits realized by the owner in the conduct of an automobile tourist boarding house.    The commissioners did not have the right to act entirely upon their own judgment after viewing the premises, and the award made in such a proceeding must have support in the record; any knowledge obtained in viewing premises can be used only in connection with the evidence.

In view of the wide divergence of testimony and the fact that the petitioners' witnesses did not take into consideration the profits of the business and that the testimony by defendant's witnesses as to the profits of the business was somewhat unsatisfactory, and also in view of the fact that the commissioners did not state in detail the basis for the award of damages, the commissioners are directed to file a supplemental report stating in detail the grounds, findings and consideration which they gave to the different elements of damage, including profits of the business, structural value, value of the building taken and the land, and also damage to the remainder of the land, if any.   (Highway Law, § 152.)

APPLICATION by the Board of Supervisors of Madison County to acquire title to lands for the construction of the Chittenango-Cazenovia, Part 1, Highway, with Federal aid and for confirmation of the award of the commission.

*Wm. E. Lounsbury,* for Madison County.

*James J. Barrett,* for the defendant.

CAMPBELL, J.   This is an application by the petitioner, the County of Madison, for confirmation of the commissioners' report herein, which awards the defendant $2,850 for his premises at Chittenango Falls, consisting of a small piece of land and building thereon, which was taken by the county for highway purposes. The defendant objects to the confirmation of this report upon the following grounds:

*First.* That the report does not state the rule adopted by the

commissioners in making their award, nor the elements considered by them in arriving at the decision.

*Second.* That in any event the amount awarded is insufficient and inadequate.

*Third.* That the commission did not give consideration to the elements making up the proper value of the property.

Numerous witnesses as to the value were sworn by both parties, and there was great divergence as to the value, the petitioner's witnesses varying from $1,300 to $3,000. Three of these placed the value at $3,000, one of them at $1,300 and one at $2,300; the defendant's expert witnesses from $12,500 to $18,000.

Defendant also offered proof as to the structural value of the building on the premises and as to his net profits from the business conducted, which was a summer business supplying tourists and picnickers with meals, lunches and such merchandise as is generally sold at similar places. The building was well adapted to the purposes for which the business was conducted, as established by the evidence. The question of structural value, as well as profits of the business, are elements to be considered by the commission. (*Matter of City of New York,* 198 N. Y. 84, 88; *Matter of City of New York,* 213 App. Div. 187, 190.) There was but one witness who testified as to structural value, and he was produced by the defendant, a builder and carpenter, who swore that the cost of reconstruction of the building from such material as this building was originally constructed from, would be about $4,000. The witness also gave it as his opinion that the building was equal to sixty per cent of a new building. To my mind this gave the commissioners more or less latitude in determining the value of the building. Did the commissioners give proper consideration to the elements of profits as affecting the market value of the property condemned? Three of the petitioner's witnesses, who each placed the value of the premises taken at $3,000, swore that they did not give any consideration to the question of profits. The opinion of defendant's expert witnesses is founded on an erroneous assumption.

Smith, the defendant, first testified that the gross receipts for the year 1926 were $8,538.73, and that the net profit for that year was $3,772.92, and that the average net for the last three years had been $3,000; and the defendant's experts gave their opinions of value, based on these figures. Later the defendant, on further examination, divulged the fact that he had not deducted anything for his own labor, which he fixed at $1,000 per year, and that established a net income of $2,000 per year for the last three years. The expert witnesses were not recalled to fix a new valuation upon these figures. The value of defendant's labor was not questioned

by the petitioner, nor did it offer any direct evidence refuting this testimony as to profits. The defendant was not requested by either side to produce any books, so far as the record shows. Neither was he cross-examined upon this element of the case. He could not have given the detailed figures from memory, and the source from which he derived his exact figures, whether from memoranda books or other records, would be of great weight in determining the credibility of his evidence, and which well might have been disclosed on cross-examination. The defendant contends that this evidence is undisputed and should have binding weight with the commissioners. The petitioner argues, however, that the commissioners may view the premises, which they did in this case, and act upon their own judgment as to value.

There seems to have been some conflict in the decisions of this State as to how far the commissioners may go in acting upon information obtained outside the record. There are decisions holding that the commission may use its own judgment. (*Matter of Bronx Parkway Commission*, 206 App. Div. 526, 532; *Matter of Town of Guilford*, 85 id. 207.) The preponderance of authority seems to hold that the award must have support in the record, and that the knowledge obtained in viewing the premises must be used in connection with the evidence, and this rule has been sustained by the Court of Appeals. (*Matter of City of New York*, 198 N. Y. 84; *People ex rel. Olin* v. *Hennessy*, 159 App. Div. 814, 816; *Matter of City of New York* [*Crotona Park*], 142 id. 665, 667; *Matter of Simmons* [*Ashokan Reservoir*], 132 id. 574, 576.)

Section 152 of the Highway Law* requires the commission to file their minutes with their proceedings. One of the purposes requiring the minutes to be filed is that the court may determine whether or not the award is justified by the evidence. The courts have frequently sustained awards for less than the amounts given by any experts, when there was some basis therefor within the record. (*Matter of Simmons* [*Ashokan Reservoir*], 132 App. Div. 574; *Matter of City of New York* [*Avenue " C "*], 151 id. 83, 85.) *Matter of Simmons* (*supra*) was a case where the commission awarded an amount less than the experts gave for either side, but the court held that the assessed value of the property was some basis in the evidence upon which the commission might base its award, even if much lower than that given by the experts.

There was other evidence given in this case which has more or less bearing upon the amount of profits from the business. The defendant's proof tends to show that as many as 10,000 people came to the Falls on Sundays and holidays during the period from

* As amd. by Laws of 1911, chap. 503, and Laws of 1927, chap. 88.—[REP.

Memorial Day to Labor Day.   The petitioner offered proof tending to show that the attendance was much lower and did not average more than 1,500 on Sundays and holidays and from only 75 to 100 people during week days.   This proof was given by residents of the locality.   The only purpose which this evidence had was to show the probable number of people at defendant's place of business and showing the amount of business which the place was doing, and, naturally, the income which flowed therefrom.   This was some evidence upon which the commission could base a finding as to the profits and value of defendant's business.   However, in view of the fact that three of the petitioner's witnesses fixed the value of the premises at a figure $150 higher than the award, but did not take into consideration the question of profits, and no direct evidence having been offered as to the income from the business excepting what was given by the defendant, no cross-examination having been made as to the source from which he derived the figures given, nor was he asked to produce any books, it appears to me that the evidence on this phase of the case was very unsatisfactory, and, from the report filed, it is impossible to determine whether the commission gave proper consideration to all the elements of damage.   In view of the nature of the evidence submitted to the commission and the wide divergence of testimony, a more detailed report should be filed, stating in detail the grounds, findings and consideration which the commission gave to the different elements of damage, including profits of the business, structural value, value of the building taken and the land, also damage to the remainder, if any.   It is within the discretion of the court to require the commission to state the grounds in detail upon which it based the award, and such discretion has been exercised in numerous cases, among them, *Matter of Prospect Park & C. I. R. R. Co.* (85 N. Y. 489); *New York Central & H. R. R. R. Co.* v. *Mills* (157 App. Div. 932); *Matter of Board of Water Commissioners of Village of White Plains* (55 id. 77); *Matter of Board of Public Improvements of City of New York* (99 id. 576); *City of Binghamton* v. *Taft* (125 Misc. 411).

If the commission deems it necessary to take additional evidence, it may file a new report; otherwise a supplemental report may be filed as herein suggested.   I do not intend to hold that the commission did not take into consideration the proper elements of damage, but, owing to the nature of the evidence as outlined and the holding of the cases cited as to the form of the report, a report should be submitted in accordance with this memorandum, and, upon receiving such report, I will determine the matter of confirmation.