In the Matter of the Condemnation of Lands in the VILLAGE OF PORT BYRON for the Port Byron-Weedsport State Highway, No. 5609, Cayuga County.

County Court, Cayuga County, February 7, 1930.

*Frederick B. Wills*, for the petitioner.

*James H. Mosher* [*A. J. Parker* of counsel], for the owners.

MOSHER, J.   The owners filed written exception to the award of the commissioners herein upon the grounds that it is contrary to the

evidence, contrary to law, against the weight of evidence, and for an insufficient amount.

The State, by the right of eminent domain, has the power to take private property for public use (*Matter of Simmons*, 58 Misc. 581, 586); but not without just compensation (Const. art. 1, §§ 6, 7), just to the owner and to the public (*Brainerd* v. *State*, 74 Misc. 100), placing the owner in the same position financially as he was before (*Matter of Board of Rapid Transit R. R. Commissioners*, 128 App. Div. 103) and never for less than the value of the property actually taken. (*Matter of Commissioners of Public Works*, 135 App. Div. 561.)

The Bush premises are situated on Rochester street, running westerly out of the village of Port Byron, and consist of their residence and garage. The proposed highway swings southwesterly to eliminate two sharp curves beyond, taking a very irregular shaped piece of land off the front of these premises and passing about eight and a half feet north of the northeast corner of their house and some fourteen inches north of the northwest corner of their porch and of their garage.

Pursuant to section 152 of the Highway Law (as amd. by Laws of 1927, chap. 88), the commissioners examined the highway and lands and conducted a hearing, at which the petitioner swore one witness, the county superintendent of highways, who placed the value of the premises at $2,800 before appropriation and $2,000 after, a damage of $800, and the owners swore five witnesses who fixed the damage from $3,000 to $4,500. The commissioners awarded $1,200.

Where land is acquired for public use without the consent of the owner he is entitled to recover the market value of the premises actually taken and also any damages resulting to the residue including those which will be sustained by reason of the use to which the portion taken is to be put by those acquiring it (*Matter of New York Municipal Ry. Corp.* v. *Weber*, 226 N. Y. 70; *County of Erie* v. *Fridenberg*, 221 id. 389, 393; *South Buffalo Ry. Co.* v. *Kirkover*, 176 id. 301; *Matter of New York Municipal R. R. Co.* v. *Weber*, 179 App. Div. 245; *Duncan* v. *Nassau Elec. R. R. Co.*, 127 id. 252, 253; *Matter of Board of Public Improvements*, 99 id. 576); but the testimony here does not give the value of the land taken and the damage done to the remainder separately as approved in *Matter of New York Municipal Ry. Corp.* v. *Weber* and *Matter of Board of Public Improvements* (*supra*) and *City of Binghamton* v. *Taft* (125 Misc. 411, 413).

The report states: " That after viewing the premises, hearing the proofs and allegations of the parties and after carefully considering

the value of said premises belonging to said Wellington C. Bush and Margaret Bush, his wife, above described, before the taking of a part of said premises by this proceeding, and after considering the value of said premises after such taking, the undersigned have ascertained and determined and do hereby find that the compensation to be awarded " is $1,200, but does not give in detail the various grounds and bases of value, what elements were considered and what rule was adopted (*Matter of City of Brooklyn*, 143 N. Y. 596, 600), sufficiently for this court to determine whether just compensation has been fully made.

When the State compels a man to give up his land for public use, and permits him to recover, not what he thinks it is worth, but only its fair market value, he should have the right to prove and recover for every element that can fairly enter into the question of market value (*Matter of City of New York*, 198 N. Y. 84), with no deduction, including the effect of the road upon the whole of the remainder, its advantages and disadvantages, benefits and injuries (*Newman v. M. E. R. Co.*, 118 N. Y. 618) and everything that, if known to a proposed purchaser at the time the title vested, would tend to increase or diminish the market value of the premises which remained after the taking. (*Matter of Board of Rapid Transit R. R. Commissioners*, 128 App. Div. 103, 120 *et seq.*)

The principle involved here is of high importance, for it concerns the guaranty given to the citizen that he shall be protected in the enjoyment of his property and it shall not be taken from him unnecessarily and without just compensation being made (*Matter of City of Brooklyn*, supra), and though the amount involved be comparatively small it may be of the greatest relative value to the owners of this little property. To insure that all essential elements are given consideration by the witnesses in their testimony and by the commissioners in their report so that these owners whose property has been taken *in invitum* shall suffer no financial loss which may be prevented by awarding full proximate and consequential damages (*South Buffalo Ry. Co. v. Kirkover*, 176 N. Y. 301, 306), as a matter of practice, following numerous precedents (*Matter of Prospect Park & C. I. R. R. Co.*, 85 N. Y. 489; *N. Y. C. & H. R. R. R. Co. v. Mills*, 157 App. Div. 932; *Matter of Board of Water Commissioners of Village of White Plains*, 55 id. 77; *Matter of Board of Public Improvements*, supra; *Matter of Chittenango-Cazenovia Highway*, 130 Misc. 516, and *City of Binghamton v. Taft*, supra), this court, to which application for confirmation is made in the first instance, without expressing or intimating any opinion on the merits at this time, will exercise its discretionary powers and remit the report to the commissioners with directions to reconvene

and receive any further testimony, including assessments (*Matter of Simmons*, 132 App. Div. 574; *Matter of Dept. of Public Parks*, 53 Hun, 280; *Matter of Chittenango-Cazenovia Highway, supra*), rental value (*Matter of City of New York*, 159 App. Div. 662 and 118 id. 272; *Matter of Board of Rapid Transit R. R. Commissioners, supra*), and any other matters they deem necessary or advisable to conform to the rule outlined herein and to enable them to make a fair, proper and satisfactory determination and report, setting forth in detail the grounds of their decision, the rule adopted by them, the elements considered by them in applying the rule and the method of computation, upon which the court can conscientiously determine the legality and adequacy of the award on the coming in of a new or supplemental report.