FREDERICK H. COOKINHAM and Another, Petitioners, *v.* THE VILLAGE OF RICHFIELD SPRINGS, Respondent.

Supreme Court, Otsego County, July 10, 1931.

*Foley & Guile* [*Arthur J. Foley* of counsel], for the petitioners.

*William T. Welden* [*Charles Bell* of counsel], for the respondent.

McNAUGHT, J.  Constitutional provisions and statutory enactments insure that the property of a citizen shall not be taken for a public use without the payment of full and adequate compensation.

When property is taken for a public use and the owner is permitted to recover, not what he thinks it is worth, but only its fair market value, he shall at least have the right to prove every element that can fairly enter into the question of market value.  (*Matter of City of New York*, 198 N. Y. 84, 88.)

In determining the damages sustained by the property owner when he is deprived of his property, or the same is injured by reason of a public use, the market value of lands taken and all other elements of damage are to be considered, including consequential damages resulting to the residue of his property from the use to which that taken is put by the public.  (*South Buffalo Ry. Co.* v. *Kirkover*, 176 N. Y. 301; *County of Erie* v. *Fridenberg*, 221 id. 389; *Matter of Jaquino Realty Corp.* v. *Ormond*, 217 App. Div. 76, 82; *Adirondack Power & Light Corp.* v. *Evans*, 226 id. 490, 495.)

It has long been the rule that the owner is entitled to receive the full value, not the value to the owner or to the condemnor, but the fair market value, and in determining fair market value it is to be fixed for any purpose to which the property is adapted, but the owner is not entitled to swell the damages beyond the fair market value by any consideration of chance or probability that sometime in the future the property may be used for some purpose to which it is adapted, unless it appears that the market value of the property is enhanced by the chance or probability.  (*Matter of Simmons*, 130 App. Div. 350; affd., 195 N. Y. 573; affd., *sub nom.* *McGovern* v. *New York*, 229 U. S. 363.)

In the Blackwell's island bridge case (*Matter of City of New York*, *supra*), it was determined that the value of structures upon land and the manner in which they might be affected were elements that, entered into the determination of total value and were to be considered when property was taken for a public use.  The same rule has been followed in other cases.  (*Moore* v. *Eadie*, 245 N. Y. 166, 170; *Matter of City of New York*, 213 App. Div. 187; *Matter of City of New York* [*Inwood Hill Park*], 230 id. 41; affd., 256 N. Y. 556.)

The report of commissioners fixing damages to a property owner should show the elements considered in fixing the amount of damages

and the value or amount allowed, if any, for each element of damage. The true criterion is the market value, the reasonable and fair value of the property taken and the reasonable and fair diminution in market value of the property remaining.

Proof of structural value or reproduction cost, less depreciation or obsolescence is not conclusive. Such values or elements do not control, but they may and should be taken into consideration. In speaking of testimony in reference to structural value, the Court of Appeals, in *Matter of City of New York* (*supra*, at p. 87), said: " It must follow that such differences contribute in varying degrees to the enhancement in the value of the land, and we can think of no way in which they can be legally proved except by resort to testimony of structural value, which is but another name for cost of reproduction, after making proper deductions for wear and tear. *This may be by no means a conclusive test as to the market value of premises condemned for public use.* But that is not the question at issue. The question is whether evidence of structural value is competent to show market value, when the buildings are suitable to the land. There are instances, of course, when precisely similar buildings upon identical parcels of land may have the same potential market value just as the price of commodities like cotton, flour or potatoes is regulated by the law of supply and demand without reference to cost of production in particular cases. When that is true, the market value may be the value of the land as enhanced by the value of the buildings, without reference to structural value." (Italics ours.)

The report herein simply states that " after due deliberation and consultation, we have ascertained and determined and do hereby find and determine:

" The amount of damage sustained by petitioners on account of change of certain streets and bridge, as specified in the petition herein, is the sum of $1,500."

The report is silent as to the elements of damage considered, or the value, if any, fixed and determined by the commissioners for such elements. Under the well-established principles enunciated by the authorities *supra*, this is insufficient. The petitioners and the respondent are entitled to know the elements considered by the commissioners and the separate value, if any, placed upon each. The court cannot determine from the report if the commission has taken into consideration, in fixing the damages due petitioners, all of the elements required.

The report of commissioners to fix damages may be sent back to the commission to state the grounds of their decision, the rule adopted and the method of computation. (*Matter of Board of*

*Water Commissioners*, 55 App. Div. 77; *Matter of Board of Public Improvements*, 99 id. 576; *City of Binghamton* v. *Taft*, 125 Misc. 411; *Matter of Chittenango-Cazenovia Highway*, 130 id. 516.)

This court renders no decision and expresses no opinion on the merits as to the amount of damages awarded. It may well be that full value for all damages suffered has been awarded to the petitioners. It is possible that all of the elements required to be considered have been taken into consideration by the commissioners. On the other hand, elements may have been omitted from consideration.

The report should be remitted back to the commission with directions to reconvene and make a supplemental report, setting forth the grounds of their decision, the elements considered, the consequential damages, if any, allowed, and the methods of computation of the award.

The commission may call for and receive further testimony, if in its judgment such testimony is necessary to enable it to comply with this decision.

Submit order accordingly.