Samuel W. Eager, J.
We have here a motion by plaintiff to confirm the report of the commissioners of appraisal in this proceeding which was instituted to condemn a small parcel of property taken from defendants’ poultry farm, which parcel is to be used in connection with a large public water supply reservoir. The defendants take exception to the report on the grounds, among others, that an allowance was not made to them for all damages sustained, including, in particular, consequential damages (due to the irregularity of the remainder of defendants’ lands after the taking; and to the alleged necessity of additional sanitary facilities and of compliance with sanitary regulations caused by reason of the taking for reservoir purposes); that the report is not clear as to what is included by way of interest, if any; that sufficient is not set forth to show the basis of the commissioners’ determination; and that the award is contrary to the law and evidence and the amount thereof is inadequate.
It appears that the partial taking of defendants’ lands was accomplished as of July 11,1955. The parcel taken by plaintiffs, for reservoir use, was 1.45 acres of vacant grazing land located at the northeast sector of defendants ’ poultry farm which farm was comprised of about 20 acres of land. The farm has a brook thereon which will now flow into the reservoir created by plaintiff, whereas in the past said brook emptied into a river some I, 500 feet distant from defendants’ property.
*732 The commissioners, in their report, state that, in arriving at their determination, they have appraised the property on basis of its highest available use, namely, for development purposes. They further state that no damages were allowed for the possibility that the remainder would be subject to new rules and regulations as to pollution and contamination, and they report * ‘ that there has been no substantial change in conditions to warrant the granting of consequential damages.” The reports states that just compensation is the sum of $4,350 and that “ in making the award we have considered the question of interest thereon and it is intended to include interest from the time the plaintiff entered possession of the property described in the order for immediate possession to the date of this report.”
Now, while it is true that the commissioners are given wide latitude and discretion in arriving at their decision and that the power in the court to review their award is somewhat limited, it is necessary that the report of the commissioners shall be sufficient on its face to enable the court to intelligently review the determination made. The report should set forth the rule of damages adopted by the commissioners and, in general, should be clear, explicit and certain (Tennessee Gas Transmission Co. v. Bean, 283 App. Div. 684) and should leave no doubt as to what has actually been decided (Adirondack Power d Light Corp. v. Evans, 226 App. Div. 490). Where the report of the commissioners fails to disclose the elements considered by them in arriving at their conclusions, and by reason of such failure, the court is not able to determine whether or not the commissioners allowed just and proper compensation, the matter should be remitted back to them for further consideration and for an amended report by them. (See Matter of Dodge [Devoir], 278 App. Div. 743; City of Yonkers v. Meritex Clothing, 114 N. Y. S. 2d 276; City of Binghamton v. Taft, 125 Misc. 411; Matter of Chittenango-Cazenovia Highway, 130 Misc. 516; Matter of Supervisors of Herkimer County [Beardslee], 140 Misc. 894; Matter of Village of Port-Byron, 136 Misc. 148.)
Here, where only a portion of the owners’ lands is taken, the proper measure of damage is the difference between the fair market value of the entire tract of land and that of the remainder after the portion needed has been appropriated. (Matter of City of New York [Fourth Ave.], 255 N. Y. 25; Adirondack Power & Light Corp. v. Evans, supra.) “If a portion only is taken, the owner is entitled to be compensated for the difference between the fair value of the entire property *733 and that of the remainder, after the needed portion has been pre-empted. * * * (Citing many eases.) In determining the value of the portion not taken, all damages resulting thereto by reason of the use to which the part appropriated is to be put must be taken into consideration. (South Buffalo R. Co. v. Kirkover, 176 N. Y. 301.) ” (Matter of Rochester [Smith St. Bridge], 234 App. Div. 583.) The owner is entitled to recover the damages resulting to the residue of his lands by reason of the taking, “ including those which will be sustained by reason of the use to which the portion taken is to be put by those acquiring it ”. (County of Erie v. Fridenberg, 221 N. Y. 389, 393.)
It is to be borne in mind, however, that the “ remedy for a purely consequential injury resulting from the exercise of the sovereign right of eminent domain ‘ must be that, and that only, which the legislature shall give. It does not exist at common law ’ (Transportation Co. v. Chicago, 99 U. S. 635, 642) ”. (Matter of the City of N. Y. [East 5th St.], 1 Misc 2d 977, 982.) Therefore, it is clear that consequential damages to be awarded the owner for a taking of a part of his lands are to be limited to the damages sustained by him by reason of the taking of the particular part and of the use to which such part is to be put by the acquiring agency. No additional compensation may be awarded to him by reason of proper public use of other lands located in proximity to but not part of the lands taken from the particular owner. The theory behind this denial of recovery is undoubtedly that such owner may not be considered as suffering legal damage over and above that suffered by his neighbors whose lands were not taken. (See 4 Nichols, Eminent Domain, § 14.21 [1], and cases cited. Also Boyd v. United States, 222 F. 2d 493; Haggard v. Independent School Dist. Algona 113 Iowa 486; United States v. 329.05 Acres, 156 F. Supp. 67.)
It is not clear from the face of the report here that the commissioners arrived at their decision on the basis of the foregoing rules of law, and, bearing in mind that the court is compelled to reject a determination based on an erroneous principle of law or measure of damage (Matter of Huie, 2 N Y 2d 168, 171), it is concluded that the report is not sufficient to support a determination on the merits. The evidence discloses that the opinions of the witnesses for the plaintiff as to value varied greatly from those of the witnesses for the defendants ; and in such a situation the report should state the facts found and the elements and principles considered by the com *734 missioners in arriving at the value in the report. (See Matter of Dodge [Devoir], supra.)
Specifically, it does not appear from the report here that the commissioners took into consideration the damage to the remainder of the plaintiffs’ tract of land by the taking of the particular part thereof. It does not appear that they valued the whole before the taking and the remainder after the taking. Furthermore, facts are not set out in the report to sustain the conclusion of the commissioners that there are no consequential damages to the remainder of lands by reason of the taking of a part thereof, and the use to which such part is put.
Defendants also contend that the report is ambiguous in its statement as to the consideration of and inclusion of interest, and with this contention the court is in agreement. It is not clear what interest, if any, is included in the award of $4,350. If included, the rate, the period or the value to which the interest was applied is not set forth. In any event, the duties of the commissioners are simply to ascertain and report the damages awarded; and the right to interest and the time from which it should be computed follows as a matter of law. The value of the land taken should be separately stated in the report and not confused or consolidated with the interest. (See, for instance, Matter of Dorsett, 179 N. Y. 496.)
In view of the foregoing, the court remits the matter back to the commissioners for reconsideration of the matter, including a rehearing and the taking of additional evidence, if they deem it necessary or advisable, and to make and file an amended report.