Domenick L. Gabrielli, J.
In this application for an order to confirm the report of the Commissioners of Appraisal, the defendant objects to the confirmation upon several grounds including:
(1) “ That the Commissioners did not consider the ‘ before and after ’ value of the remaining property of the defendant ”, and
(2) “ That the offer to purchase the property by the plaintiff-petitioner and which was refused by the defendant was before the Commissioners and considered by them in making their award.”
It further appears that the award made by the Commissioners was in the sum of $2,500; and that the offer previously made by the petitioner was in the sum of $2,538. The Commissioners have filed an affidavit to the effect that the offer was before them but they state they did not consider it in making their determination. The objection of the defendant, by his attorney’s affidavit, states that in a conversation with one of the Commissioners, the Commissioner stated that the “ offer was discussed as well as the possibility of the costs that were involved by awarding a sum under the amount of the offer, namely, Twenty-Five Hundred Dollars ($2500.00) ”.
The report filed by the Commissioners states in part: “ We further report that in determining the sum to be paid to the defendant herein as compensation for the taking of the lands hereinbefore provided, we have awarded as compensation the difference between the fair market value of the whole of the lands before the taking and the fair market value of what remains after the taking together with all damages resulting to the remaining lands.”
*268 Counsel for both parties have made reference to the testimony taken, to support their contentions in this regard. An examination of the record raises some doubt as to the exact formula used and the true method of computation. It is not spelled out with sufficient clarity to permit the court to confirm the report upon the papers presently before the court.
The report, while staling the method used, is barren of any reference to damages resulting to the residue of the defendant’s lands by reason of the taking, except by a general statement, and does not show that consideration was given to any damages which might be occasioned “ by reason of the use to which the portion taken is to be put by those acquiring it ”. (County of Erie v. Fridenberg, 221 N. Y. 389, 393.)
In determining the value of the portion not taken, all damages resulting thereto by reason of the use to which the part appropriated is to be put must be taken into consideration. (South Buffalo Ry. Co. v. Kirkover, 176 N. Y. 301; Matter of Rochester [Smith St. Bridge], 234 App. Div. 583.) The report should indicate these details with sufficient clarity for this court to determine whether just compensation has been fully made. (Matter of City of Brooklyn, 143 N. Y. 596, 600); see, also, Matter of Port Byron-Weedsport State Highway, 136 Misc. 148; City of Binghamton v. Taft, 125 Misc. 411.)
The report should set forth the rule of damages adopted by the Commissioners and, in general, should be clear, explicit and certain (Tennessee Gas Transmission Co. v. Bean, 283 App. Div. 684) and should leave no doubt as to what has actually been decided (Adirondack Power & Light Corp. v. Evans, 226 App. Div. 490). Where the report of the Commissioners fails to disclose the detailed elements considered by them in arriving at their conclusions, and by reason of such failure, the court is not able to determine whether or not the Commissioners allowed just and proper compensation, the matter should be remitted back to them for further consideration and for an amended report by them. (See Matter of Dodge, 278 App. Div. 743; City of Yonkers v. Meritex Clothing, 114 N. Y. S. 2d 276; City of Binghamton v. Taft, 125 Misc. 411, supra; Matter of Chittenango-Cazenovia, 130 Misc. 516; Matter of Board of Supervisors of Herkimer County, 140 Misc. 894; Matter of Village of Port-Byron, 136 Misc. 148.)
A reading of the affidavits submitted on both sides reveals that there are conflicting claims as to whether the offer of compromise was actually used in arriving at the damages found by the Commissioners. Section 16 of the Condemnation Law, in dealing with an offer to purchase, provides in part that such *269 “ offer * * * cannot be given in evidence before the Commissioners, or considered by them.” The claims presented by th@ parties in this regard involve matters of substance and importance and should not and cannot be determined upon affidavits alone.
In this present proceeding it may be that the Commissioners have followed the correct rules of law relative to damages, and no opinion is here intended to be expressed as to that matter, but, at best, it is desirable that the report be made more specific.
In connection with both of the issues raised in this proceeding, and in view of the foregoing, the court remits the matter back to the Comissioners for reconsideration of the matter, including a rehearing and the taking of additional evidence if deemed necessary and advisable, and to make and file an amended report.